[No. S137055. July 9, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
JUAN MANUEL MEDINA, Defendant and Appellant.

John A. Colucci, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Kristofer Jorstad, Marc E. Turchin and Richard S. Moskowitz, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**CHIN, J.**—Several Courts of Appeal have held that the crime of kidnapping during the commission of a carjacking (Pen. Code,[1] § 209.5, subd. (a); hereafter section 209.5(a)), requires a completed carjacking. (*People v. Contreras* (1997) 55 Cal.App.4th 760, 765 [64 Cal.Rptr.2d 233] (*Contreras*); see also *People v. Jones* (1999) 75 Cal.App.4th 616, 626 [89 Cal.Rptr.2d 485] (*Jones*), following *Contreras*.) We must decide whether *attempted* kidnapping during the commission of a carjacking also requires a completed carjacking, and whether attempted carjacking and attempted kidnapping are lesser included offenses[2] of an attempt to violate section 209.5(a). For reasons that follow, we conclude that a completed carjacking is not a prerequisite for an attempt to violate section 209.5(a), and that attempted carjacking and attempted kidnapping are lesser included offenses of an attempt to violate section 209.5(a).

---

[1] All subsequent statutory references are to the Penal Code unless otherwise noted.

[2] We use the term "lesser included offense" interchangeably with the equivalent term "necessarily included offense." (*People v. Ortega* (1998) 19 Cal.4th 686, 704–705 [80 Cal.Rptr.2d 489, 968 P.2d 48] (*Ortega*) (conc. & dis. opn. of Chin, J.).)

FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2002, Long Beach Police Officer Mauk observed defendant Juan Manuel Medina recklessly driving northbound in southbound lanes. When he and another officer stopped defendant, defendant exited his vehicle and ran, refusing to stop as ordered by Officer Mauk, who then chased him on foot. With Officer Mauk in close pursuit, defendant ran to a supermarket parking lot and approached a parked white van.

Hubie Perez was sleeping in the front passenger seat of the van; he had left the key in the ignition. Along with his three young sons, Perez was waiting for his wife, Zoveida Rodriguez, to get off from work. Rodriguez arrived at the van and had started buckling the children into the backseat when she saw defendant enter the van and get into the driver's seat. She jumped towards defendant and elbowed him so he would get out. Defendant kept saying, "We got to go, we got to go," and shoved Rodriguez back. Rodriguez yelled: "You got to get out of my van. My kids are in the van. I have kids in here. Get out. Get out." Reaching for the ignition, defendant was unable to start it, and could not move the steering wheel or put the van in gear. After defendant and Perez looked at each other, defendant muttered, "Oh damn," and left. Defendant was later apprehended by other officers.

Later that day, an officer searched defendant's apartment and found a baggie containing methamphetamine and a heavily used glass pipe containing residue. To support a defense of voluntary intoxication, defendant presented an expert witness on "addiction medicine," who testified that defendant's panicked reaction on seeing police and other behavior were consistent with methamphetamine use.

A jury convicted defendant of five counts of attempted kidnapping during the commission of a carjacking, one count for each of the five members of the Perez family (§§ 664, 209.5(a) [counts 1–5]), and one count of attempted carjacking (§§ 664, 215, subd. (a) [count 6]). Defendant admitted suffering a prior felony conviction. Staying the sentence for attempted carjacking under section 654, the trial court sentenced him to the total of 37 years eight months in prison. Defendant appealed. Among other claims, he argued that his convictions for attempted kidnapping during commission of a carjacking (§§ 664, 209.5(a)) must be reversed because the offense requires a *completed* carjacking for which there was insufficient evidence, and that attempted carjacking (§§ 664, 215) is a lesser included offense of attempted kidnapping during a carjacking, and he cannot be convicted of both.

The Court of Appeal majority modified defendant's custody credits, but otherwise affirmed the judgment. The majority explained that an attempt to commit a crime does not require that all elements of the crime be completed and proven: "Kidnapping during the commission of a carjacking is an amalgam of two offenses, carjacking and kidnapping, insofar as both of those offenses must be completed in order to commit the crime. To attempt to kidnap during commission of a carjacking, it is only required that the perpetrator intend to commit each of the combined offenses and make an ineffectual act towards accomplishment of the kidnapping during commission of the carjacking. An attempted kidnapping during commission of a carjacking is committed when the kidnapping is incomplete or the carjacking is incomplete, or both are incomplete." It found sufficient evidence to support the convictions for attempted kidnapping during the commission of a carjacking. (§§ 664, 209.5(a).) Based on its conclusion that a completed carjacking is not required, the Court of Appeal majority also rejected defendant's claim that an attempted carjacking and attempted kidnapping are lesser included offenses of attempted kidnapping during commission of a carjacking. To be convicted of the latter offense, the majority reiterated, defendant "had to intend to commit that offense (i.e., intend both kidnapping and carjacking) and perform at least one ineffectual act towards its commission. That ineffectual act might be an act towards kidnapping *or* an act towards carjacking, not necessarily an act towards each. If the act was directed at the kidnapping but not the carjacking, the elements of attempted carjacking would not be present. Therefore, attempted kidnapping during commission of a carjacking can be committed without committing attempted carjacking. Consequently, the latter offense is not a lesser included offense of the former." In any event, the majority concluded that even assuming error, the trial court's failure to instruct on the lesser included offenses was harmless.

In her dissent, Justice Ashmann-Gerst agreed with the majority that an attempt does not require that all elements of the particular crime be proven; however, she disagreed with its characterization of section 209.5(a) as an amalgam of the crimes kidnapping and carjacking. "Section 209.5, subdivision (a) establishes a unique crime that cannot be treated as two crimes stitched together. It has two elements—a kidnapping during the commission of a carjacking—and only the kidnapping element is subject to an attempt analysis. This is because the statute does not presuppose a completed kidnapping, but it does presuppose a completed carjacking." Focusing on the phrase "during the commission of a carjacking" (§ 209.5(a)), the dissent underscored that "[a] carjacking cannot be ineffectual during its commission. This, of course, would amount to a logical impossibility." The dissent concluded that because defendant did not move the Perez van, an

element of carjacking, he did not complete the carjacking and, as such, could not be convicted of attempted kidnapping during the commission of a carjacking. (§§ 664, 209.5(a).) Justice Ashmann-Gerst also dissented from the majority's holding that attempted kidnapping and attempted carjacking are not lesser included offenses of an attempted violation of section 209.5(a).

We granted review limited to the issues noted above.

## DISCUSSION

At issue here, section 209.5(a) provides: "Any person who, during the commission of a carjacking and in order to facilitate the commission of the carjacking, kidnaps another person who is not a principal in the commission of the carjacking shall be punished by imprisonment in the state prison for life with the possibility of parole." For section 209.5(a) to apply, the victim must be moved "beyond [what is] merely incidental to the commission of the carjacking" and "a substantial distance from the vicinity of the carjacking," and "the movement of the victim increases the risk of harm to the victim over and above that necessarily present in the crime of carjacking itself." (§ 209.5, subd. (b).)

In turn, carjacking is defined as "the felonious taking of a motor vehicle in the possession of another, from his or her person or immediate presence, or from the person or immediate presence of a passenger of the motor vehicle, against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear." (§ 215, subd. (a); see *People v. Lopez* (2003) 31 Cal.4th 1051 [6 Cal.Rptr.3d 432, 79 P.3d 548] (*Lopez*) [carjacking requires asportation or movement].)[3] The parties do not dispute that to be convicted of a kidnapping during the commission of a carjacking under section 209.5(a), a defendant must complete the carjacking. (*Contreras, supra,* 55 Cal.App.4th at p. 765; *Jones, supra,* 75 Cal.App.4th at p. 625.) The issue here, however, is an *attempt* to violate section 209.5(a).

### A. Does the crime of attempted kidnapping during a carjacking require a completed carjacking?

An attempted kidnapping during the commission of a carjacking is not defined within section 209.5. We look, therefore, to general principles governing attempt crimes. (See *People v. Toledo* (2001) 26 Cal.4th 221,

---

[3] Section 207, subdivision (a), which defines kidnapping generally, provides: "Every person who forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping."

227–230 [109 Cal.Rptr.2d 315, 26 P.3d 1051] (*Toledo*) [recognizing crime of attempted criminal threat]; see also *Lopez, supra,* 31 Cal.4th at p. 1059.)

■ An attempt to commit a crime is comprised of "two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." (§ 21a; see § 664 [prescribing punishment].) Other than forming the requisite criminal intent, a defendant need not commit an element of the underlying offense. (See *People v. Superior Court (Decker)* (2007) 41 Cal.4th 1 [58 Cal.Rptr.3d 421, 157 P.3d 1017]; see also *People v. Dillon* (1983) 34 Cal.3d 441, 453–454 [194 Cal.Rptr. 390, 668 P.2d 697] (*Dillon*); *Jones, supra,* 75 Cal.App.4th at p. 627.)[4] We have explained that "under California law, '[a]n attempt to commit a crime is itself a crime and [is] subject to punishment that bears some relation to the completed offense.' [Citation.] . . . [¶] . . . 'One of the purposes of the criminal law is to protect society from those who intend to injure it. When it is established that the defendant intended to commit a specific crime and that in carrying out this intention he committed an act that caused harm or sufficient danger of harm, it is immaterial that for some collateral reason he could not complete the intended crime.' [Citation.]" (*Toledo, supra,* 26 Cal.4th at pp. 229–230.)

■ Applying these general attempt principles, we conclude that a completed carjacking is not required for an attempt to violate section 209.5(a). Section 209.5(a) provides that a "person who, during the commission of a carjacking and in order to facilitate the commission of the carjacking, kidnaps another person" is subject to a sentence of life with the possibility of parole. As the People argue, this language suggests that like the offense of robbery (§ 211), which combines elements of theft and assault (*People v. Sutton* (1973) 35 Cal.App.3d 264, 270 [110 Cal.Rptr. 635]), section 209.5(a) combines the offenses of kidnapping and carjacking. An attempted robbery requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission. (*Dillon, supra,* 34 Cal.3d at pp. 455–456; *People v. Vizcarra* (1980) 110 Cal.App.3d 858, 861 [168 Cal.Rptr. 257].) Under general attempt principles, commission of an element of the crime is not necessary. (See above.) As such, neither a completed theft (*People v. Bonner* (2000) 80 Cal.App.4th 759, 764 [95 Cal.Rptr.2d 642]) nor a completed assault (see *Vizcarra, supra,* 110 Cal.App.3d at pp. 862–863), is required for attempted robbery. (See *People v. Mullins* (1992) 6 Cal.App.4th 1216, 1221 [8 Cal.Rptr.2d 289] [to be guilty of related offense of attempted

---

[4] The parties do not dispute that there was sufficient evidence of defendant's specific intent to commit an attempted kidnapping during the commission of a carjacking. (See *People v. Perez* (2000) 84 Cal.App.4th 856, 860 [101 Cal.Rptr.2d 376] (*Perez*); CALJIC No. 9.54.1 ["specific intent to facilitate the commission of the carjacking"].)

kidnapping to commit robbery (§§ 664, 209, subd. (b)), defendant need not complete kidnapping].) Likewise, the People contend only a specific intent to facilitate the commission of the carjacking (CALJIC No. 9.54.1), and "a direct but ineffectual act in furtherance of both the planned kidnapping and the planned carjacking" are required for an attempt to violate section 209.5(a). (See § 21a.)

We agree with the People's reasoning. Thus, we conclude that neither a completed kidnapping nor a completed carjacking is necessary for an attempted kidnapping during the commission of a carjacking

Defendant, however, argues to the contrary. Tracking the Court of Appeal dissent, he maintains that section 209.5(a) establishes "a species of kidnapping in which the completed commission of a carjacking provides the context." He adds that the phrase "during the commission of a carjacking" in section 209, subdivision (a) should be viewed "as an enhancement or aggravator which punishes more severely a more serious species of kidnapping," and that an attempted kidnapping during an attempted carjacking is a "non-crime." In other words, defendant maintains that this conduct is not a violation of section 209.5. Defendant relies on the reasoning of *Contreras*, *supra*, 55 Cal.App.4th at pages 763–764, which concerned a completed violation of section 209.5(a). (See also *Jones*, *supra*, 75 Cal.App.4th at pp. 624–625; *id.* at p. 627, fn. 3 ["it appears a completed carjacking would be a requirement" for an attempt to violate § 209.5(a)].) Arguing that the Legislature knows how to distinguish between a completed offense and attempted offense, he also points to the wording of various sentence enhancement statutes as support.[5] Contrary to defendant's argument, we conclude that section 209.5 should not be treated differently from other criminal offense statutes for purposes of defining the requirements of an attempt.

First, there is no indication that the Legislature, which did not define attempts within section 209.5, intended the "during the commission of a

---

[5] See, e.g., sections 422.75, subdivision (a) ("person who commits . . . or attempts to commit a felony that is a hate crime"), 12021.5, subdivision (a) ("person who carries a loaded or unloaded firearm . . . during the commission or attempted commission of any street gang crimes"), 12022, subdivision (a)(1) ("person who is armed with a firearm in the commission of a felony or attempted felony"), 12022, subdivision (b)(1) ("person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony"), 12022.2, subdivision (b) (person who wears bullet-resistant vest "in the commission or attempted commission of a violent offense"), 12022.5, subdivision (a) ("person who personally uses a firearm in the commission of a felony or attempted felony"), 12022.7, subdivision (a) ("person who personally inflicts great bodily injury . . . in the commission of a felony or attempted felony").

carjacking" language to remove section 209.5(a) from the ambit of the general attempt statutes. (§§ 21a, 664.) As section 209.5(a)'s legislative history reveals, the Legislature added section 209.5 in 1993 while creating the new crime of carjacking (§ 215). (Stats. 1993, ch. 611, §§ 5, 6, p. 3508.) It previously included "the attempt to take, a vehicle" in the definition of carjacking. (Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Feb. 17, 1993.) After the Senate Judiciary Committee criticized that "[p]roponents have not indicated why attempted carjacking should be [punished] differently from virtually all other attempts," the Legislature deleted the phrase. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Feb. 17, 1993, p. 4; Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Mar. 8, 1993; *Lopez, supra,* 31 Cal.4th at pp. 1059–1060.) We concluded that "the Legislature's subsequent deletion of the 'attempt to take' language from the definition of carjacking reflected a desire to maintain the general punishment scheme for attempted offenses, rather than a commentary on the substantive elements of the crime." (*Lopez, supra,* 31 Cal.4th at p. 1059.) We likewise conclude that the Legislature most likely intended to treat attempted kidnappings during the commission of a carjacking (§§ 664, 209.5) the same way; that is, to be governed by the general attempt statutes (§§ 21a, 664). (See *Phelps v. Stostad* (1997) 16 Cal.4th 23, 32 [65 Cal.Rptr.2d 360, 939 P.2d 760] [" ' "the various parts of a statutory enactment must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole" ' "]; *Dillon, supra,* 34 Cal.3d at p. 453 [target offense need not be completed].) "A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole." (2A Sutherland, Statutory Construction (6th ed. 2000) § 46:05.)

Second, although defendant relies on *Contreras*'s interpretation of the phrase "during the commission of a carjacking" (§ 209.5(a)), that case is distinguishable and its reasoning does not extend to attempts. Defendant Contreras was convicted of both carjacking (§ 215) and kidnapping during the commission of a carjacking (§ 209.5(a)). Seeking reversal of the carjacking conviction, Contreras maintained that carjacking is a necessarily included offense of section 209.5 because the phrase "during the commission of a carjacking" implies a completed carjacking. (*Contreras, supra,* 55 Cal.App.4th at p. 763.) The Court of Appeal agreed.

The *Contreras* Court of Appeal looked to the special circumstances statute (§ 190.2, subd. (a)(17)), to determine the meaning of "during the commission" under section 209.5(a). Section 190.2, subdivision (a)(17), provides for either the death penalty or life without possibility of parole if the "murder was committed while the defendant was engaged in, or was an accomplice in, the commission of, attempted commission of, or the immediate flight after

committing, or attempting to commit" one of the enumerated felonies. (*Contreras*, *supra*, 55 Cal.App.4th at p. 764.) Noting a "distinct difference" between the commission and attempted commission language in section 190.2, subdivision (a)(17), the Court of Appeal reasoned that "[t]he Legislature must have meant the phrase, 'during the commission,' as used in section 209.5 to have the same meaning as 'in . . . the commission' as used in section 190.2, to wit, to refer to a completed offense. In fact, there is no semantic difference between the two phrases." (*Contreras*, *supra*, 55 Cal.App.4th at p. 764.) Thus, the Court of Appeal concluded that "a violation of section 209.5 'during the commission of a carjacking' requires a completed offense of carjacking," and held carjacking is a necessarily included offense of section 209.5. (*Contreras*, *supra*, 55 Cal.App.4th at p. 765.)

■ *Contreras* is inapposite because it did not deal with an attempted violation of section 209.5(a). Its emphasis on section 190.2, subdivision (a)(17), along with defendant's reliance on other sentence enhancement statutes, is misplaced here. These statutes set forth an enhanced penalty for a conviction under certain circumstances; they do not outline the elements of a substantive crime. The distinction is important. (See *People v. Le* (1984) 154 Cal.App.3d 1, 11 [200 Cal.Rptr. 839] ["if the Legislature had intended to include attempts in the enhancement provisions, it would have specifically stated the enhancement applies to the 'commission or attempted commission' of specific crimes"].) As a practical matter, prison or jail terms for attempt crimes are generally one-half of that for completed crimes. (§ 664, subds. (a) & (b).) Because a sentence enhancement is " 'an additional term of imprisonment added to the base term' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 898 [135 Cal.Rptr.2d 30, 69 P.3d 951]), it makes sense that sentence enhancement statutes expressly encompass both completed and attempted offenses, which would result in different sentences. In contrast, attempts of most crimes are not defined within a statute, but are governed by the general attempt statute (§ 21a). (See *Toledo*, *supra*, 26 Cal.4th at pp. 227–230.) Thus, it is reasonable that such attempt language would not be necessarily included within section 209.5(a).

Defendant claims, however, that requiring a completed carjacking for an attempted violation of section 209.5(a) would somehow further the Legislature's intent to protect victims from being removed from the scene of a carjacking. He posits that "the evils to be remedied are better targeted by punishing those who actually accomplish a carjacking." We fail to see the logic in this argument, which is also contrary to section 209.5(a)'s legislative history.

■ A "direct offshoot of robbery," carjacking "was made a separate offense because of perceived difficulties with obtaining convictions under the

robbery statute. [Citation.]" (*Lopez, supra*, 31 Cal.4th at pp. 1059, 1057.) The Legislature was specifically concerned with the " '*considerable increase in the number of persons who have been abducted*, many have been subjected to the violent taking of their automobile and some have had a gun used in the taking of the car. This relatively "new" crime appears to be as much thrill-seeking as theft of a car. If all the thief wanted was the car, *it would be simpler to hot-wire the automobile without running the risk of confronting the driver*. People have been killed, seriously injured, and placed in great fear, and this calls for a strong message to discourage these crimes.' " (*Id.* at p. 1057, quoting Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) July 13, 1993, p. 1.) Such concern for the abduction and safety of a driver or passenger is particularly evident in section 209.5, which provides for significant punishment if the victim is also moved a substantial distance with the risk of increased harm. (§ 209.5, subd. (b).) While simple carjacking exposes a defendant to a prison term of three, five, or nine years (§ 215, subd. (b)) and simple kidnapping sets forth a prison term of three, five, or eight years (§ 208, subd. (a)), kidnapping during the commission of a carjacking carries a prison term of life with the possibility of parole. (§ 209.5, subd. (a).)[6] The Legislature evidently viewed the combination of kidnapping and carjacking as far more dangerous and serious than either one alone.

■ As discussed above, " '[o]ne of the purposes of the criminal law is to protect society from those who intend to injure it. When it is established that the defendant intended to commit a specific crime and that in carrying out this intention he committed an act that caused harm or sufficient danger of harm, it is immaterial that for some collateral reason he could not complete the intended crime.' [Citation.]" (*Toledo, supra*, 26 Cal.4th at p. 230.) Indeed, "no public purpose is served by drawing fine distinctions between those who have managed to satisfy some element of the offense and those who have not." (*Dillon, supra*, 34 Cal.3d at p. 453, fn. omitted.) Given the Legislature's view on the seriousness and dangerousness of section 209.5(a), it follows that the Legislature would perceive *attempts* to commit section 209.5(a) the same way. We conclude that extending the reach of this provision to encompass attempted kidnappings during an attempted commission of a carjacking would send a "strong message to discourage" such crimes. (Assem. Com. on Pub. Safety, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) July 13, 1993, p. 1.)

---

[6] The Legislature's intent was to extend the same penalty in section 209 (kidnapping for the purpose of robbery) to section 209.5. (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 60 (1993–1994 Reg. Sess.) as amended Feb. 17, 1993, p. 2; see also *Perez, supra*, 84 Cal.App.4th at p. 860 [§§ 209.5 & 209 are analogous].)

■ Based on the foregoing, we conclude the rule of lenity does not assist defendant. (*People v. Avery* (2002) 27 Cal.4th 49, 58 [115 Cal.Rptr.2d 403, 38 P.3d 1] ["although true ambiguities are resolved in a defendant's favor, an appellate court should not strain to interpret a penal statute in defendant's favor if it can fairly discern a contrary legislative intent"].)

Next, we address defendant's sufficiency of evidence claim in view of our holding above. "Our role is limited here. We review the entire record in the light most favorable to the judgment, and affirm the convictions as long as a rational trier of fact could have found guilt based on the evidence and inferences drawn therefrom. [Citations.]" (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 1044 [47 Cal.Rptr.3d 467, 140 P.3d 775].) We agree with the Court of Appeal majority that sufficient evidence supports defendant's five convictions for attempted kidnapping during the commission of a carjacking.

Defendant's actions provide clear circumstantial evidence of his specific intent to kidnap the Perez family to facilitate a carjacking. Fleeing from the police, defendant ran to the Perez van, where he jumped into the driver's seat and tried to start the engine. Struggling with Rodriguez, defendant urged, "We got to go, we got to go." All the while wrestling with Rodriguez, who yelled at him to get out because her "kids [were] in the van," he continued in vain to try to start the engine and move the van. When he saw the officer approaching the van, defendant ran off. The reasonable inference is that defendant intended to take the van and its occupants in order to escape from the police; there was also no evidence defendant told the family to get out.

There was also sufficient evidence of defendant's direct but ineffectual acts to commit a kidnapping during the commission of a carjacking. (§§ 209.5(a), 21a.) There was uncontroverted evidence that defendant jumped into the Perez van and tried in vain to drive it. Despite the struggle with Rodriguez, defendant tried to start the ignition, put the van in gear, and move the steering wheel. Defendant's actions were ineffectual because he failed to start and move the van, thus failing to complete a carjacking or a kidnapping. However, we agree with the People that defendant's conduct from the time he approached the van until he gave up trying to start the engine and ran away was a direct but ineffectual act in furtherance of a kidnapping during the commission of a carjacking.

■ Based on the foregoing, we conclude that defendant's five convictions for attempted kidnapping during the commission of a carjacking should be affirmed.

## B. *Are attempted carjacking and attempted kidnapping lesser included offenses of attempted kidnapping during a carjacking?*

As discussed above, the Court of Appeal majority held that neither attempted carjacking nor attempted kidnapping was a lesser included offense of an attempt to violate section 209.5(a). (See *ante*, at p. 692.) Defendant argues the majority erred because "acts which facilitate the carjacking through the kidnapping are acts toward both crimes. So, where the intent of the kidnapping is to carjack, then the ineffectual acts toward the kidnapping must, necessarily, also be acts toward the carjacking." Thus, defendant asserts his conviction for the lesser included offense of attempted carjacking must be reversed. (*People v. Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595] (*Pearson*) ["multiple convictions may *not* be based on necessarily included offenses"]; *People v. Moran* (1970) 1 Cal.3d 755, 763 [83 Cal.Rptr. 411, 463 P.2d 763] (*Moran*) ["If the evidence supports the verdict as to a greater offense, the conviction of that offense is controlling, and the conviction of the lesser offense must be reversed"].)

The People concede that both attempt offenses are lesser included offenses, but disagree with defendant on the consequences that flow from this proposition. Even if the trial court did not instruct sua sponte on the lesser included offense of attempted kidnapping as to counts 1 through 5, and attempted carjacking as to counts 2 through 5, the People contend there was no prejudicial error.

 Although a defendant has a constitutional right to have a jury determine every material issue presented by the evidence and the failure to so instruct is error, a trial court is not required to instruct the jury as to all lesser included offenses, only those that "find substantial support in the evidence." (*People v. Haley* (2004) 34 Cal.4th 283, 312 [17 Cal.Rptr.3d 877, 96 P.3d 170].) In this context, substantial evidence is evidence from which reasonable jurors could conclude " 'that the lesser offense, but not the greater, was committed.' " (*Ibid.*) In this case, there was no substantial evidence that the offense committed was less than that charged. As the Court of Appeal majority concluded: "If the jury found that [defendant] intended to kidnap the Perez family, it must have also found that he intended to carjack, as he was running from the police and jumped into the van and attempted to start it, knowing the Perez family was inside. If [defendant] had successfully started the van and driven away, he would have simultaneously committed carjacking and kidnapping. There was no evidence he intended only one of those offenses and not the other, or, under the facts, he would have committed only one."

Defendant also argues the Court of Appeal majority erroneously failed to dismiss count 6 against Rodriguez as duplicative because he was convicted of

the greater offense of kidnapping during the commission of a carjacking in count 1. However, the People contend, reversal is not required because the court's stay of the count 6 sentence (§ 654) more than adequately protected defendant from double punishment. At bottom, the People ask that we modify the so-called *Moran/Pearson* rule to permit courts to stay, instead of strike, convictions for lesser included offenses to prevent defendants from receiving a windfall if a greater offense conviction is reversed or otherwise rendered unenforceable. (See *Moran, supra*, 1 Cal.3d at p. 763; *Pearson, supra*, 42 Cal.3d at p. 355.) Defendant counters that this issue is beyond the scope of issues on which we granted review, and, more importantly, the People offer no sound basis to abandon this long-standing rule. Because this issue is "fairly included" within the issues on which we granted review (Cal. Rules of Court, rule 8.516(b)(1)), we will address it. For reasons that follow, we conclude that both attempted carjacking and attempted kidnapping are lesser included offenses of an attempt to violate section 209.5(a), and that the rule against multiple convictions for lesser included offenses should remain unchanged.

 "Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser. [Citations.]" (*People v. Birks* (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073] (*Birks*).) In general, a defendant "may be convicted of any number of the offenses charged" (§ 954), but section 654 prohibits multiple punishment. "When section 954 permits multiple conviction, but section 654 prohibits multiple punishment, the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited. [Citations.]" (*People v. Reed* (2006) 38 Cal.4th 1224, 1227 [45 Cal.Rptr.3d 353, 137 P.3d 184] (*Reed*).) However, an exception to this general rule allowing multiple convictions prohibits multiple convictions based on necessarily included offenses. (*Ibid.*; *Pearson, supra*, 42 Cal.3d at p. 355.)

 At the outset, we agree with both parties that attempted carjacking (§§ 664, 215) and attempted kidnapping (§§ 664, 207) are lesser included offenses of attempted kidnapping during the commission of a carjacking (§§ 664, 209.5(a)). If a defendant has a specific intent to commit both a kidnapping and a simultaneous carjacking intended to facilitate that kidnapping, it follows that he necessarily has the intent to commit each offense individually. Likewise, if a defendant performs a direct but ineffectual act towards both the kidnapping and carjacking, that same act also constitutes a direct but ineffectual act towards each offense individually. In other words, attempted kidnapping during the commission of a carjacking cannot be

committed without also committing an attempted carjacking or an attempted kidnapping. (See *Birks, supra,* 19 Cal.4th at p. 117.)

However, we reject the People's urging to modify the rule against multiple convictions based on necessarily included offenses. (*Pearson, supra,* 42 Cal.3d at p. 355; *Moran, supra,* 1 Cal.3d at p. 763.) Notwithstanding several cases which have questioned the foundation of the *Pearson* rule, including *Pearson* itself, we see no justification to modify the rule here. (See *Pearson, supra,* 42 Cal.3d at p. 355 ["the reason for the rule is unclear"]; *People v. Scheidt* (1991) 231 Cal.App.3d 162, 168 [282 Cal.Rptr. 228] [same]; *People v. Rush* (1993) 16 Cal.App.4th 20, 29 [20 Cal.Rptr.2d 15] (dis. opn. of Woods, J.) [same; rule "is of murky origin"].)[7] There is logic behind the rule prohibiting convictions for both a greater offense and a necessarily included offense: "If a defendant cannot commit the greater offense without committing the lesser, conviction of the greater is *also* conviction of the lesser. To permit conviction of both the greater and the lesser offense ' " 'would be to convict twice of the lesser.' " ' (*People v. Fields* (1996) 13 Cal.4th 289, 306 [52 Cal.Rptr.2d 282, 914 P.2d 832].) There is no reason to permit two convictions for the lesser offense." (*Ortega, supra,* 19 Cal.4th at p. 705 (conc. & dis. opn. of Chin, J.).) There is also no prejudice to the People if a court strikes, rather than stays, the conviction. If a greater offense is reversed on appeal, the lesser included offense may be revived by operation of law. (§ 1260; see *People v. Kelly* (1992) 1 Cal.4th 495, 528 [3 Cal.Rptr.2d 677, 822 P.2d 385] [prosecutor has option to retry greater offense or accept reduction to lesser included offense]; *People v. Edwards* (1985) 39 Cal.3d 107, 118 [216 Cal.Rptr. 397, 702 P.2d 555] [same].)[8]

Based on our conclusion that defendant's five convictions for attempted kidnapping during the commission of a carjacking be affirmed (in particular, count 1 with respect to victim Rodriguez) (see *ante,* at p. 699), his conviction for count 6 for the lesser included offense of attempted carjacking against Rodriguez is reversed.

---

[7] A long line of cases has affirmed the rule under *Pearson* (see, e.g., *Reed, supra,* 38 Cal.4th at p. 1227; *People v. Montoya* (2004) 33 Cal.4th 1031, 1034 [16 Cal.Rptr.3d 902, 94 P.3d 1098]; *People v. Sanchez* (2001) 24 Cal.4th 983, 987 [103 Cal.Rptr.2d 698, 16 P.3d 118]; *People v. King* (2000) 81 Cal.App.4th 472, 475 [96 Cal.Rptr.2d 817]; *People v. Watterson* (1991) 234 Cal.App.3d 942, 946 [286 Cal.Rptr. 13]), and cases long predating *Pearson* have held similarly. (See, e.g., *People v. Greer* (1947) 30 Cal.2d 589, 598–599 [184 P.2d 512] [defendant may not be convicted for both greater and lesser offenses]; *People v. Miranda* (1967) 254 Cal.App.2d 517, 525 [62 Cal.Rptr. 339] [rule against convictions for both greater and lesser offenses "has long been established and consistently followed"].)

[8] We therefore do not address defendant's double jeopardy and due process claims.

DISPOSITION

We reverse the Court of Appeal's judgment to the extent it is inconsistent with our opinion. The matter is remanded to that court with directions to strike count 6 for attempted carjacking. In all other respects, the judgment is affirmed.

George, C. J., Kennard, J., Baxter, J., Werdegar, J., Moreno, J., and Corrigan, J., concurred.