Filed 11/7/13  P. v. Colombero CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F065688 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. F12902400) |
| JOHN FREDERICK COLOMBERO, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  John F. Vogt, Judge.

Alex Coolman, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Franson, J.

After a bench trial, the court convicted appellant, John Frederick Colombero, of attempted second degree robbery (Pen. Code, §§ 664, 211).[1] In a separate proceeding, the court found true six prior prison term enhancements (§ 667.5, subd. (b)) and allegations that Colombero had four prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)). Following independent review pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

DeAnna Estrada worked as an examiner for the Department of Motor Vehicles (DMV) in Fresno. On April 4, 2012, at 4:00 p.m., she was giving a driving test to Stephanie Soto in the DMV's parking lot. Estrada was seated in the front passenger's seat and Soto in the driver's seat with the window down when Colombero approached Soto's door with a beer in his hand and stated in a demanding manner, "Give me some money." Estrada heard Soto tell Colombero she did not have any money. Colombero then stooped down, looked at Estrada and said in an agitated tone, "Hey, white bitch, I know you have money." "I have a blade and I'll use it." Estrada told Colombero they did not have any money. Colombero stepped back a few feet, put his right hand in his front pants pocket, and fumbled through it as he cursed and mumbled. Colombero again stated, "I have a blade and if you don't give me some money I will use it." At Estrada's direction, Soto put her window up and locked her door. Estrada then ran into the DMV office to call security. However, unable to find a security officer, she instead told her manager to call 911 because a homeless person was threatening her and Soto with a knife. Estrada went back outside and saw Colombero walking away and Soto talking to her father.

---

[1]     All further statutory references are to the Penal Code.

2

California Highway Patrol Officer Brett Boss responded to the DMV and was provided a description of Colombero by Estrada. Boss located Colombero, who fit the description provided by Estrada, at a trailer park. Colombero appeared to be slightly agitated as Boss asked him if he had been in the DMV parking lot. Colombero replied that he had been on the east side of the parking lot but denied speaking with any women in a car. After noticing a bulge in one of Colombero's pockets, Boss performed a pat search and found a combination wine opener and knife in Colombero's right front pants pocket.

Officer Boss took Estrada to the trailer park where she identified Colombero as the man who attempted to rob her and Soto.

On July 26, 2012, the district attorney filed a first amended information charging Colombero with attempted robbery. The information alleged four serious felony enhancements, six prior prison term enhancements, and that Colombero had four prior convictions within the meaning of the three strikes law.

On July 30, 2012, the court found Colombero guilty of attempted robbery and all enhancements and prior conviction allegations true.

On August 28, 2012, the court sentenced Colombero to an aggregate indeterminate term of 41 years to life consisting of an indeterminate term of 25 years to life on the attempted robbery conviction, three five-year serious felony enhancements, and a one-year prior prison term enhancement. The court also ordered Colombero to pay a $9,840 restitution fine and a parole revocation fine in the same amount. The court awarded Colombero 294 days of presentence custody credit consisting of 147 days of actual credit and 147 days of conduct credit.

Colombero's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende, supra,* 25 Cal.3d 436.) However, in a letter filed on March 18,

3

2013, Colombero poses several questions that do not raise any legal issues. He also questions whether his alleged conduct of asking for money while telling the victims that he had a "blade" and would use it constituted an attempted robbery. It did.

"'Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 24.) "An attempted robbery requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission. [Citations.] Under general attempt principles, commission of an element of the crime is not necessary.… As such, neither a completed theft [citation] nor a completed assault [citation], is required for attempted robbery. [Citations.]" (*People v. Medina* (2007) 41 Cal.4th 685, 694-695.)

Colombero took several direct, albeit ineffectual, steps toward committing a robbery when he approached the window of the victims' car, demanded money, and threatened them with a "blade" as he fumbled through his pants pocket. Further, it can reasonably be inferred from these circumstances that Colombero committed the above acts because he had the specific intent to take money from the victims by means of force against their will, i.e., that he had the specific intent to commit a robbery. Thus, the conduct attributed to Colombero by the victims clearly constituted an attempted robbery.

Further, following an independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.

4