Filed 6/6/22 P. v. Galvan CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO CORONA GALVAN,<br><br>    Defendant and Appellant. | G060948<br><br>(Super. Ct. No. C1886926)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Santa Clara County, Kenneth Paul Barnum, Judge. Affirmed.

Scott D. Handleman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, Rene A. Chacon and Masha A. Dabiza, Deputy Attorneys General, for Plaintiff and Respondent.

\*        \*        \*

INTRODUCTION

Defendant Ricardo Corona Galvan appeals from the judgment of conviction entered after a jury found him guilty of one count each of attempted carjacking, attempted kidnapping during a carjacking, and assault with a deadly weapon. The jury also found defendant had personally used a firearm in the commission of each offense.

Defendant solely challenges the sufficiency of the evidence supporting the attempted kidnapping during a carjacking conviction. Defendant argues insufficient evidence showed he had a specific intent to kidnap or that he committed any act in furtherance of a kidnapping.

We affirm. For the reasons we explain, defendant's substantial evidence challenge is without merit.


FACTS

On the evening of March 17, 2018, Carlos H. walked out of his house to his car to retrieve his cellphone. Carlos got inside of his car that was parked in the driveway and called his sister; he closed the car door behind him but did not lock the car doors. While Carlos was sitting in the car on the phone, he saw defendant standing outside the driver's side window pointing a rifle at Carlos's head; the end of the rifle was touching the car window. Carlos did not know defendant.

While holding the rifle, defendant told Carlos to either give him a ride or give him the keys to the car, "or I'll kill you." Carlos was frightened. After defendant told Carlos to get out of the car, Carlos stepped out of the car and put the car keys in his pocket so defendant could not get them. Carlos held his hands up while defendant held the rifle even closer to Carlos, aimed at his forehead. Carlos told defendant to wait and that Carlos was going to go inside of his house. Carlos took a step to the left toward the back of the car. Defendant pointed the rifle at the middle of the bottom part of Carlos's

2

left jaw, about three inches away from Carlos's face. Defendant repeated his threat to kill Carlos at least once during this encounter.

Carlos grabbed the rifle and he and defendant began wrestling. In the course of the struggle, as Carlos was holding the muzzle of the rifle with both hands, defendant turned the rifle in a way that caused the butt of the weapon to strike Carlos in the mouth.

Defendant and Carlos eventually fell to the ground as they wrestled. The rifle also fell to the ground, landing about a foot or two away from the two men. Carlos kicked the rifle farther away from them.

Defendant got Carlos in a chokehold. Carlos's wife came out of the house. She had been contacted by Carlos's sister who told her that when she had been talking to Carlos on the phone a few minutes earlier, she had heard "something very strange" and asked Carlos's wife to go outside and see if something was going on. When Carlos's wife saw defendant holding Carlos by the neck and choking Carlos, she unsuccessfully tried to pull defendant away from Carlos. She then ran inside the house and called the police.

Carlos's brother-in-law then appeared and grabbed defendant by the neck, causing defendant to release his hold on Carlos. The brother-in-law immobilized defendant by placing defendant's hand behind his back. Another family member arrived on the scene and helped detain defendant until the police arrived.

PROCEDURAL HISTORY

A jury found defendant guilty of one count each of attempted carjacking (Pen. Code, §§ 215, subd. (a), 664) (count 1);[1] attempted kidnapping during a carjacking (§§ 209.5, subd. (a), 664) (count 2); and assault with a deadly weapon (§ 245,

_____

[1] All further statutory references are to the Penal Code.

3

subd. (a)(1)) (count 3). The jury found defendant personally used a firearm within the meaning of section 12022.53 in the commission of counts 1 and 2, and that he personally used a firearm within the meaning of section 12022.5 in the commission of count 3.

The trial court imposed a total prison sentence of eight years. Defendant appealed.

## DISCUSSION

### I.

### STANDARD OF REVIEW AND SECTION 209.5

When considering a defendant's argument based on insufficient evidence to support a conviction, "'"we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."' [Citation.] We consider "'whether . . . *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" [Citation.] '[A] reviewing court "presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."'" (*People v. Holmes, McClain and Newborn* (2022) 12 Cal.5th 719, 780.)

"If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding. [Citation.] A reviewing court neither reweighs evidence nor reevaluates a witness's credibility." (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.) The testimony of a single witness, unless physically impossible or inherently improbable, is sufficient to support a conviction. (Evid. Code, § 411; *People v. Jones* (2013) 57 Cal.4th 899, 963.)

Section 209.5 provides in pertinent part: "(a) Any person who, during the commission of a carjacking and in order to facilitate the commission of the carjacking, kidnaps another person who is not a principal in the commission of the carjacking shall be punished by imprisonment in the state prison for life with the possibility of parole. [¶] (b) This section shall only apply if the movement of the victim is beyond that merely incidental to the commission of the carjacking, the victim is moved a substantial distance from the vicinity of the carjacking, and the movement of the victim increases the risk of harm to the victim over and above that necessarily present in the crime of carjacking itself."

II.

### SUFFICIENT EVIDENCE SUPPORTED DEFENDANT'S CONVICTION FOR ATTEMPTED KIDNAPPING DURING A CARJACKING

Defendant argues substantial evidence does not support his conviction for attempted kidnapping during a carjacking in violation of section 209.5, subdivision (a) because insufficient evidence showed defendant (1) specifically intended to kidnap Carlos and (2) committed any direct act in furtherance of a kidnapping. He argues his due process rights were violated because he was convicted of an offense unsupported by substantial evidence. Defendant's arguments are without merit.

The jury was instructed with CALCRIM No. 460 on attempted kidnapping during a carjacking as follows:

"To prove that the defendant is guilty of this crime, the People must prove that:

"1. The defendant took a direct but ineffective step toward committing a kidnapping during carjacking;

"AND

"2. The defendant intended to commit a kidnapping during carjacking.[2]

"A direct step requires more than merely planning or preparing to commit a kidnapping during carjacking or obtaining or arranging for something needed to commit a kidnapping during carjacking. *A direct step is one that goes beyond planning or preparation and shows that a person is putting his or her plan into action. A direct step indicates a definite and unambiguous intent to commit a kidnapping during carjacking.* It is a direct movement towards the commission of the crime after preparations are made. It is an immediate step that puts the plan in motion so that the plan would have been completed if some circumstance outside the plan had not interrupted the attempt.

"A person who attempts to commit a kidnapping during carjacking is guilty of attempted kidnapping during carjacking even if, after taking a direct step towards committing the crime, he or she abandoned further efforts to complete the crime or if his or her attempt failed or was interrupted by someone or something beyond his or her control. On the other hand, if a person freely and voluntarily abandons his or her plans before taking a direct step toward committing a kidnapping during carjacking, then that person is not guilty of attempted kidnapping during carjacking." (Italics added.)

The jury was also instructed with CALCRIM No. 1204, which stated in part:

"The elements of the crime of kidnapping during a carjacking as a completed crime include:

"1. The defendant committed a carjacking;

---

[2] The jury was further instructed (with CALCRIM No. 252) that in order to find defendant guilty of attempted kidnapping during a carjacking as charged in count 2, the jury must find defendant not only intentionally committed the prohibited act, but did so with a specific intent: "The specific intent required for the crime of Attempted Kidnapping During a Carjacking as charged in Count 2 is that the Defendant intended to commit a kidnapping during a carjacking."

6

"2. During the carjacking, the defendant took, held, or detained another person by using force or by instilling reasonable fear;

"3. The defendant moved the other person or made that person move a substantial distance from the vicinity of the carjacking;

"4. The defendant moved or caused the other person to move with the intent to facilitate the carjacking;

"5. The person moved was not one of the carjackers;

"AND

"6. The other person did not consent to the movement.

"As used here, substantial distance means more than a slight or trivial distance. The movement must have been more than merely brief and incidental to the commission of the carjacking. The movement must also have increased the risk of physical or psychological harm to the person beyond that necessarily present in the carjacking. In deciding whether the movement was sufficient, consider all the circumstances relating to the movement."

In *People v. Medina* (2007) 41 Cal.4th 685, 695 (*Medina*), the California Supreme Court stated: "[T]he People contend only a specific intent to facilitate the commission of the carjacking [citation], and 'a direct but ineffectual act in furtherance of both the planned kidnapping and the planned carjacking' are required for an attempt to violate section 209.5(a). [Citation.] [¶] We agree with the People's reasoning. Thus, we conclude that neither a completed kidnapping nor a completed carjacking is necessary for an attempted kidnapping during the commission of a carjacking."

In *Medina, supra*, 41 Cal.4th at page 691, the defendant, who had been fleeing from the police, approached a parked van in which a man was sleeping in the front passenger seat while his wife was buckling their three young children in the back seat. The defendant jumped into the driver's seat of the van and tried to start the engine; the key had been left in the ignition. (*Ibid.*)

The Supreme Court rejected the defendant's argument insufficient evidence showed the defendant had the requisite intent to have committed the crime of attempted kidnapping during the commission of a carjacking, stating: "Defendant's actions provide clear circumstantial evidence of his specific intent to kidnap the [victims] to facilitate a carjacking. Fleeing from the police, defendant ran to the . . . van, where he jumped into the driver's seat and tried to start the engine. Struggling with [the female victim], defendant urged, 'We got to go, we got to go.' All the while wrestling with [the female victim], who yelled at him to get out because her 'kids [were] in the van,' he continued in vain to try to start the engine and move the van. When he saw the officer approaching the van, defendant ran off. The reasonable inference is that defendant intended to take the van and its occupants in order to escape from the police; there was also no evidence defendant told the family to get out." (*Medina, supra*, 41 Cal.4th at p. 699.)

In the instant case, substantial evidence showed defendant had the specific intent to kidnap Carlos to facilitate a carjacking. That evidence includes defendant's statement to Carlos, while holding a rifle pointed at Carlos's head, that either Carlos surrender the car keys or give defendant a ride in the car or else defendant would kill Carlos. After Carlos did not surrender the car keys, defendant blocked Carlos's movement away from the driver's seat of the car by pointing the rifle at Carlos's jaw. The trier of fact could reasonably infer from the evidence that defendant intended to commandeer Carlos's car by forcing Carlos at gunpoint to give him a ride in the car at that point.

Defendant also argues there was insufficient evidence he had committed any direct act in furtherance of a kidnapping. In *Medina*, the Supreme Court rejected a similar argument: "There was also sufficient evidence of defendant's direct but ineffectual acts to commit a kidnapping during the commission of a carjacking. [Citations.] There was uncontroverted evidence that defendant jumped into the . . . van and tried in vain to drive it. Despite the struggle with [the female victim], defendant tried

8

to start the ignition, put the van in gear, and move the steering wheel. Defendant's actions were ineffectual because he failed to start and move the van, thus failing to complete a carjacking or a kidnapping. However, we agree with the People that defendant's conduct from the time he approached the van until he gave up trying to start the engine and ran away was a direct but ineffectual act in furtherance of a kidnapping during the commission of a carjacking." (*Medina, supra*, 41 Cal.4th at p. 699.)

Here, defendant's statements, and ultimatum that either Carlos surrender the car keys or give defendant a ride, combined with defendant's continued aggression, holding Carlos at gunpoint and restricting his movement after Carlos had refused to surrender the car keys, constitute sufficient evidence to show defendant made a direct but ineffectual step in furtherance of committing the crime of attempted kidnapping during a carjacking.

Defendant argues the evidence shows that given his statements to Carlos to get out of the car and surrender the car keys or give him a ride, it can be reasonably inferred from this evidence that, had defendant succeeded in overpowering Carlos, he would have simply stolen the car keys at gunpoint and driven away. He therefore argues there was insufficient evidence he committed a direct act in furtherance of a kidnapping.

There is, however, no evidence that supports defendant's argument. The evidence shows defendant told Carlos to hand over the car keys or give defendant a ride or be killed. Defendant did not state he would take the car keys by force, and no other evidence suggests defendant was going to attempt to take the car keys by force instead of forcing Carlos at gunpoint to give him a ride or be killed. In any event, ""[a]lthough it is the jury's duty to acquit a defendant if it finds the circumstantial evidence susceptible of two reasonable interpretations, one of which suggests guilt and the other innocence, it is the jury, not the appellate court that must be convinced of the defendant's guilt beyond a reasonable doubt. [Citation.] '"If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably

9

be reconciled with a contrary finding does not warrant a reversal of the judgment.""""" (*People v. Johnson* (2019) 32 Cal.App.5th 26, 58.) For the reasons we discussed, *ante*, substantial evidence supports the jury's verdict. Defendant does not argue the jury was improperly instructed.

We find no error.


DISPOSITION

The judgment is affirmed.



MARKS, J.*

WE CONCUR:


GOETHALS, ACTING P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.