Filed 3/14/25  P. v. Johnson CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>         Plaintiff and Respondent,<br>v.<br><br>ADAM MICHAEL JOHNSON,<br><br>         Defendant and Appellant. | A169082<br><br>(San Mateo County<br>Super. Ct. No. 21SF011252A) |

After repeatedly asking a woman for money, Adam Michael Johnson brandished a large knife.  A jury convicted him of attempted robbery and found he used a deadly or dangerous weapon during the commission of this crime.  The trial court sentenced him to five years in prison, including the middle term of two years for the attempted robbery.  On appeal, Johnson argues the court erred by admitting the victim's testimony about her ongoing fear more than one year after the attempted robbery.  He also argues the court did not consider the presumption requiring imposition of the lower term for offenses if a qualifying trauma, such as his childhood trauma, was a contributing factor in the commission of the offense unless aggravating circumstances outweighed mitigating circumstances and doing so would be contrary to the interests of justice.  We affirm.

1

## BACKGROUND

One evening in September 2021, Jane Doe left her workplace in Redwood City and waited on the sidewalk for her husband. Johnson approached her and asked for money. He appeared sweaty and desperate, insisting three times that he needed money for food. When she responded she did not have any change, he displayed the handle of a knife. Doe stepped back, and he pulled out the entire knife, with a blade measuring approximately 12 inches long. Fearing that he would stab her, she tried to call the police. He told her not to call and then walked away. Just then, Doe's husband arrived. Doe got into his car and said "that person right there had threatened me with a knife." Her husband followed Johnson while she called 911 and described his location to the operator. Officers ultimately stopped Johnson a couple blocks away, and Doe identified him.

The district attorney charged Johnson with attempted robbery while using a deadly and dangerous weapon. (Pen. Code, §§ 211, 212.5, 664, 12022, subd. (b)(1); undesignated statutory references are to this code.) The information further alleged he had a prior serious felony conviction (§ 667, subd. (a)(1)), and a conviction for a strike offense (§ 1170.12, subd. (c)(1)). During a jury trial in 2023, Doe testified she was scared when Johnson took out his knife. And over a relevance objection, she stated the September incident continued to affect her emotionally because she no longer felt safe at work. She always looked around to see who was close to her, and she was occasionally fearful of standing alone on the street. The jury found Johnson guilty of attempted second degree robbery and found the weapon enhancement allegation to be true.

In a sentencing brief, Johnson argued his extensive childhood trauma was a mitigating factor for reducing his sentence. In support, a licensed

social worker report noted that his grandmother, who was like a second mother to him, passed away when he was 11. The loss significantly affected Johnson, resulting in bad behaviors. His father was authoritative and acted violently towards him and his mother. The murder of his older brother while walking home from a friend's house a few years later compounded these behavioral issues. Johnson began using methamphetamine to cope with his brother's death. Although he participated in individual and family therapy, he failed to fully address this trauma. The social worker also reported Johnson was diagnosed with chronic schizophrenia at the age of 19 and had, throughout the years, received various psychotropic medications. On numerous occasions, he was involuntarily hospitalized, and before his September 2021 arrest, he was not receiving treatment. Consequently, Johnson sought to strike his prior strike conviction pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 and requested probation.

The trial court noted it read the sentencing brief and expressed concern for public safety since Johnson did not accept responsibility for the crime. Instead, he minimized the offense as simply bumping into a lady. The court struck the five-year enhancement for the prior serious felony conviction in the interests of justice (§ 1385), and sentenced him to five years in prison — the middle term of two years for the attempted robbery, doubled for his prior strike conviction, in addition to one year for the weapon enhancement.

## DISCUSSION

First, Johnson argues the trial court abused its discretion by admitting Doe's testimony — that the events in September 2021 continued to emotionally affect her at the time of his trial — because it was irrelevant. We disagree. The court retains the discretion to admit relevant evidence — evidence having "any tendency in reason to prove or disprove any disputed

3

fact that is of consequence to the determination of the action" — including the credibility of a witness. (Evid. Code, § 210.) Johnson fails to demonstrate the court "exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice." (*People v. Rodriguez* (1999) 20 Cal.4th 1, 9–10.)

Doe's testimony was relevant to demonstrate Johnson attempted to rob her through fear. Robbery is "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." (§ 211.) Attempted robbery "requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission." (*People v. Medina* (2007) 41 Cal.4th 685, 694.) The prosecution must demonstrate " 'the victim was in fact afraid,' " a subjective rather than objective test. (*People v. Collins* (2021) 65 Cal.App.5th 333, 341.) Proof of this subjective fear may be demonstrated "through the victim's statements about his or her state of mind." (*Ibid*.) Though it is unnecessary to demonstrate a defendant caused extreme fear, the fact that Doe suffered ongoing fearfulness more than one year after the events occurred had a tendency to prove she was in fact afraid of the attempt to take her money. (*People v. Morehead* (2011) 191 Cal.App.4th 765, 774–775 [robbery conviction requires " 'sufficient fear to cause the victim to comply with the unlawful demand for his property' "].) The trial court properly exercised its discretion by finding this testimony was relevant to prove force or fear. Consequently, we do not address Johnson's argument that decision was prejudicial and violated his due process rights. (*People v. Rodriguez, supra*, 20 Cal.4th at p. 10; *People v. Brown* (2003) 31 Cal.4th 518, 545 [the "routine application of state evidentiary law does not implicate defendant's constitutional rights"].)

4

Second, Johnson contends we must reverse and remand for resentencing because the trial court was unaware of its section 1170 discretion to impose the lower term for his attempted robbery conviction, for which he argues his childhood trauma was a contributing factor in committing the offense. We disagree.

Under section 1170, "the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term." (*Id.*, subd. (b)(1).) There is a statutory presumption for imposing the lower term if certain identified circumstances, such as childhood trauma, contributed to the offense. (*Id.*, subd. (b)(6)(A) ["the court shall order imposition of the lower term if any of the following was a contributing factor in the commission of the offense"].) But imposing the lower term is not required. (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) A higher term is authorized if "the court finds that the aggravating circumstances outweigh the mitigating circumstances [so] that imposition of the lower term would be contrary to the interests of justice." (§ 1170, subd. (b)(6); *People v. Salazar* (2023) 15 Cal.5th 416, 426 (*Salazar*).) "[T]he Legislature intended to maintain the sentencing court's discretion to impose the middle term even if it finds the defendant falls within one of the three categories of section 1170, subdivision (b)(6)." (*People v. Hilburn* (2023) 93 Cal.App.5th 189, 204.)

Sentencing choices are reviewed for an abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) Defendants must establish a sentencing decision was irrational or arbitrary by *affirmatively* demonstrating the court misunderstood its discretion. (*People v. Fredrickson* (2023) 90 Cal.App.5th 984, 988 (*Fredrickson*).) Sentencing decisions must be made with informed discretion, such as being aware of the scope of discretionary powers. (*Salazar*, *supra*, 15 Cal.5th at p. 424.)

5

Here, we agree the record reflects Johnson may have suffered qualifying childhood trauma, "which would appear to meet the statute's threshold requirement for triggering the lower term presumption." (*Salazar*, *supra*, 15 Cal.5th at p. 419.) A social worker reported his high score on an adverse childhood experiences test indicated severe adverse consequences, such as offending and impairment of essential capacities for self-regulation and impulse control. His sentencing brief, which the trial court acknowledged reviewing, placed it on notice about his trauma. (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 994 [noting, without deciding, "an initial showing has been made when the record and/or arguments are sufficient to put a trial court on notice that a defendant's youth may have been a contributing factor in commission of the underlying offense"].)

Given this showing, the trial court should have — but failed to — "affirmatively show compliance with" section 1170's lower term presumption. (*Fredrickson*, *supra*, 90 Cal.App.5th at pp. 991–992; § 1170, subd. (b)(6)(A).) This is understandable — the parties and the probation officer did not mention the statutory presumption in their briefing or at the sentencing hearing.[1] Indeed, rather than requesting the lower term based on his childhood trauma, Johnson requested the court strike his prior strike conviction under *Romero*, *supra*, 13 Cal.4th 497, and argued he should be placed on probation. Consistent with that briefing, the court focused on striking the prior strike offense. Nevertheless, the court should have made an express finding. (*Fredrickson*, at p. 993.)

---

[1] Section 1170 "mandates application of the lower term presumption in the specified circumstances" and argument that a court failed to comply with that mandate "is not subject to forfeiture." (*Fredrickson*, *supra*, 90 Cal.App.5th at p. 994, fn. 8.)

Remand, however, is unnecessary because a more favorable outcome is not reasonably probable upon reversal. (*People v. Watson* (1956) 46 Cal.2d 818, 836.) Critically, section 1170 was amended to incorporate the lower term presumption *before* Johnson's sentencing. (Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.) Thus, we presume the trial court knew and applied the law in effect at the time of sentencing — it is not speculative to conclude that the court would have imposed the same sentence in the absence of that error. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042; compare with *Salazar*, *supra*, 15 Cal.5th at p. 425 [requiring remand unless the record clearly indicates the trial court would have reached the same conclusion if it had been aware of its sentencing discretion since, "when the applicable law governing the defendant's sentence has substantively changed *after* sentencing, it is almost always speculative for a reviewing court to say what the sentencing court would have done if it had known the scope of its discretionary powers at the time of sentencing," italics added].)

Here, rather than citing anything positive in Johnson's record, the trial court found he posed a danger to public safety, acknowledged his prior unsatisfactory performance while on probation, highlighted his failure to accept responsibility for his offense, and emphasized his offenses were increasing in violence. Johnson, the court reasoned, minimized the seriousness of his offense by characterizing it as simply "bump[ing] into some lady," even though evidence demonstrated otherwise. The court expressly considered all of Johnson's mitigating factors, including his childhood trauma, but nonetheless imposed the middle term. (Compare with *Salazar*, *supra*, 15 Cal.5th at p. 428 ["cursory reference to the extended duration of the crime and mention[ing the defendant's] long criminal history" does not indicate the court would have concluded aggravating circumstances

7

outweighed the mitigating circumstances to impose a higher term].)  Because it is not reasonably probable the court would have imposed the lower term in the absence of the error, we do not remand for resentencing.

## DISPOSITION

The judgment is affirmed.

_____
RODRÍGUEZ, J.

WE CONCUR:


_____
FUJISAKI, Acting P. J.


_____
PETROU, J.

A169082; *People v. Johnson*

9