Filed 6/28/13  In re K.C. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,     Plaintiff and Respondent,          v. K.C.,     Defendant and Appellant. | G047389 (Super. Ct. No. DL043151) O P I N I O N |

Appeal from orders of the Superior Court of Orange County, Gregory W. Jones, Judge.  Affirmed.

Paul S. Berger, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood,

Ifeolu E. Hassan and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

*     *     *

INTRODUCTION

The juvenile court found true allegations that K.C., then 16 years old (the minor), committed two counts of attempted robbery. We reject each of the minor's claims of error, and affirm the court's orders.

First, the minor argues there was insufficient evidence to support the juvenile court's true findings. We conclude, however, that there was substantial evidence of the minor's specific intent to rob the two victims, and of overt acts in furtherance of that intent.

Second, we find no error in the juvenile court's admission of evidence that a BB pistol was found in the minor's waistband when he was stopped by the police shortly after the attempted robberies. The minor's possession of a BB pistol was relevant to the issue of his intent.

Finally, the juvenile court's reference to an inference of innocence does not show the court violated the minor's constitutional rights by ignoring the presumption of innocence or shifting the burden of proof to the minor.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

About 1:00 a.m. on July 31, 2012, Maria C. was walking home from work; her son, Luis C., was walking his bicycle beside her. Two young men approached Maria and Luis. One of the young men, identified as the minor, was on a bicycle, while the other was on a skateboard. The minor asked Luis if he had a phone, and Luis replied, "no." The minor then asked, "what is sticking out from your shirt?" Luis responded, "my earphones." The minor then asked, "so you do have a phone?" Luis replied, "no.

2

They are just earphones [for] listening to an MP3." The minor again asked, "so you do have a phone?" Luis said, "no," and showed the minor his iPod.

The minor asked, "[d]o you think I am stupid or something?" When Luis replied "no," the minor said, "come over here and let me talk to you." The minor let his bike fall to the ground as he got "more mad" and went toward Luis. Luis was scared. The minor called to the young man on the skateboard, saying something like, "come on, let's check this fool." Maria placed herself between the minor and Luis, saying, "no, please." Maria testified she was frightened.

Luis slipped as he was moving away, but got up quickly because he was scared the minor might grab him. Maria was screaming, and the minor moved back toward his bike. Maria told Luis to find help, and he got on his bike and rode away as fast as he could. As Luis rode away, the minor got on his own bike, and "quickly followed" Luis. Maria was scared, and was afraid the minor would hurt Luis; she ran after the minor, screaming, "leave him alone." The minor then rode his bike toward Maria and demanded her phone, saying, "give it to me. Give it to me." Maria told the minor she did not have a phone, and said, "I am sorry. No speak English." The minor then walked away from Maria. When Maria caught up with Luis, he had called 911.

The parties stipulated that when the minor was arrested later the same night, a semiautomatic BB pistol was discovered tucked into his pants, with the pistol grip above the waistband. The minor's trial counsel objected to the evidence on the ground it was not relevant because there was no testimony either Luis or Maria saw the pistol. The juvenile court overruled the objection because the minor's possession of the BB pistol was relevant to the issues of intent and his state of mind.

A petition was filed to declare the minor a ward of the juvenile court, under Welfare and Institutions Code section 602, alleging the minor had committed two counts of second degree attempted robbery. (Pen. Code, §§ 211, 212.5, subd. (c), 664, subd. (a).) After a trial, the court sustained the allegations of the petition, and calculated

3

the maximum term of confinement to be three years eight months. At a separate disposition hearing, the court ordered that the minor would be adjudicated a ward of the court, and placed him on formal supervised probation with terms and conditions. The minor timely appealed.

DISCUSSION

I.

*INSUFFICIENCY OF THE EVIDENCE*

The minor argues there was insufficient evidence to support the true findings on both attempted robbery counts. The same substantial evidence standard of review in adult criminal cases is applicable in juvenile dependency proceedings. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809.) "In considering the sufficiency of the evidence in a juvenile proceeding, the appellate court 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence— such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence [citation] and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]'" (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1088-1089.)

"An attempted robbery requires a specific intent to commit robbery and a direct, ineffectual act (beyond mere preparation) toward its commission. [Citations.]" (*People v. Medina* (2007) 41 Cal.4th 685, 694.) The minor argues there was insufficient evidence of a specific intent to rob either Luis or Maria, or of any overt acts to further that intent. We disagree.

There was substantial evidence supporting the juvenile court's finding that the minor had the specific intent to rob Luis and Maria of their cell phones. The minor repeatedly demanded a phone, first from Luis and then from Maria. The minor became

4

angry when he thought Luis was lying about not having a phone, approached Luis in a threatening manner, and called to his companion in an apparent show of force. Maria stepped between the minor and Luis to protect her son. When Luis rode off on his bike, the minor chased him. Both Maria and Luis were frightened by the minor's actions and statements. The minor was in possession of a BB pistol.

There was also substantial evidence supporting a finding that the minor committed overt acts in furtherance of his intent to rob Maria and Luis. The minor used threatening language and actions to incite fear in both Maria and Luis. The minor moved toward Luis after he denied having a phone, and called to his companion to join him. As Luis was leaving the scene, the minor chased him on his bicycle. The minor then returned to Maria and demanded her phone. These unequivocal overt acts show the commencement of the commission of the intended crimes. (See *People v. Luna* (2009) 170 Cal.App.4th 535, 543.)

## II.

### *EVIDENCE OF BB PISTOL*

The minor argues the juvenile court erred by admitting evidence that he had a BB pistol in the waistband of his pants when he was stopped by the police shortly after his confrontation with Luis and Maria. We review the court's admission of evidence for abuse of discretion. (*People v. Waidla* (2000) 22 Cal.4th 690, 717.) While the minor correctly notes that he did not brandish the BB pistol during his encounter with Maria and Luis, and there was no testimony that either Maria or Luis saw the BB pistol, it is nevertheless relevant to the issue of intent. The minor's possession of a BB pistol, to which he had ready access, has a tendency in reason to prove his intent in confronting Maria and Luis was to deprive them of their property. Despite the minor's argument to the contrary, his possession of a BB pistol was a circumstance surrounding the offense; it is a reasonable inference that the minor was in possession of the BB pistol when he

5

confronted Maria and Luis, given that it was found in his waistband when stopped by the police very shortly thereafter.[1]

## III.

### *DID THE COURT APPLY AN INCORRECT STANDARD OF PROOF?*

A bedrock principle of our legal system is the presumption of innocence, which is codified in Penal Code section 1096: "A defendant in a criminal action is presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his or her guilt is satisfactorily shown, he or she is entitled to an acquittal, but the effect of this presumption is only to place upon the state the burden of proving him or her guilty beyond a reasonable doubt. Reasonable doubt is defined as follows: 'It is not a mere possible doubt; because everything relating to human affairs is open to some possible or imaginary doubt. It is that state of the case, which, after the entire comparison and consideration of all the evidence, leaves the minds of jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.'"

The minor argues that the juvenile court failed to adhere to the presumption of innocence in this case, requiring reversal of the court's orders. A claim that a criminal defendant's constitutional right to due process was violated, and that his or her trial was fundamentally unfair, is subject to de novo review. (*People v. Albarran* (2007) 149 Cal.App.4th 214, 225, fn. 7.)[2]

---

[1] Although we conclude there was no error, even if there were error, it was harmless. Given the evidence supporting the court's true findings, detailed *ante*, it is not reasonably probable that a result more favorable to the minor would have been reached if the evidence of the BB pistol had been excluded. (*People v. Watson* (1956) 46 Cal.2d 818, 836.)

[2] Although the minor's trial counsel did not object to the juvenile court's comments, the constitutional argument is not forfeited. (*People v. Thornton* (2007) 41 Cal.4th 391, 434, fn. 7.)

The juvenile court found Maria and Luis to be "very credible" witnesses. Based on the evidence, the court was "convinced beyond a reasonable doubt as to the truthfulness of the allegations of both count 1 and count 2." The court also made the following statements on the record: "*I have not heard anything that supports an inference of innocence in regards to this conduct demonstrated by this minor.* The normal person would have said, could I borrow your phone? I want to make a phone call. I am out of gas, I need to call home. *Something that would have immediately created a lack of fear and a presentation of innocence in the mind of the person who hears this.* And we don't have anything like that at all." (Italics added.) The minor contends the italicized sentences show the juvenile court presumed the minor to be guilty and placed on him the burden of establishing his own innocence.

To the contrary, the statements quoted above show the juvenile court was following the law regarding circumstantial evidence of intent. Where proof of criminal intent is based completely or substantially on circumstantial evidence, and that evidence is susceptible of two reasonable constructions, one of which points to guilt and the other to innocence, the trier of fact must adopt the inference pointing to innocence. (*People v. Merkouris* (1956) 46 Cal.2d 540, 560-563; *People v. Yokum* (1956) 145 Cal.App.2d 245, 253.) The juvenile court's statements reflect its consideration of whether any reasonable construction of the evidence before it could point to the minor's innocence.

Moreover, when considered in the context of the closing arguments, the juvenile court's statements are in response to the minor's counsel's argument that the encounter between the minor and Luis and Maria was an innocent one, to which Luis and Maria overreacted. As the minor's appellate counsel stated at oral argument, if the juvenile court had prefaced the above quoted statements by remarking that a significant amount of evidence supported a finding of guilt, the comments regarding the lack of evidence supporting an inference of innocence would have been irrelevant. Even if we

construed the juvenile court's comments as failing to make the first statement, there is no constitutional error on this record.

DISPOSITION

The orders are affirmed.

FYBEL, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

BEDSWORTH, J.