Filed 5/12/14  P. v. Pacheco CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063907 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS250860) |
| BRIAN CURTIS PACHECO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Ana L. Espana, Judge.  Affirmed in part and reversed in part with directions.

Arthur Martin, under appointment by the Court of Appeal for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., and Anthony Da Silva, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found Brian Curtis Pacheco guilty of seven counts. In count 1, he was found guilty of willful, deliberate and premeditated attempted murder (Pen. Code,[1] §§ 664, 187, subd. (a), 189) with enhancements: personal use of a handgun (§ 12022.5, subd. (a)), personal use of a semiautomatic handgun (§ 12022.53, subd. (b)), intentional and personal discharge of a semiautomatic handgun (§ 12022.53, subd. (c)), causing great bodily injury (§ 12022.53, subd. (d)) and acting for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In count 2, he was found guilty of assault with a semiautomatic handgun (§ 245, subd. (b)), with personal use of a handgun (§ 12022.5, subd. (a)) and acting for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). In count 3, he was found guilty of kidnapping for robbery (§ 209, subd. (b)(1)) with personal use of a handgun (§ 12022.5, subd. (a)) and personal use of a semiautomatic handgun (§ 12022.53, subd. (b)). In count 4, he was found guilty of carjacking (§ 215, subd. (a)) with personal use of a handgun (§ 12022.5, subd. (a)) and personal use of a semiautomatic handgun (§ 12022.53, subd. (b)). In count 5, he was found guilty of kidnapping (§ 207, subd. (a)) with personal use of a handgun (§ 12022.5, subd. (a)) and personal use of a semiautomatic handgun (§ 12022.53, subd. (b)). In count 6, he was found guilty of robbery (§ 211) with personal use of a handgun (§ 12022.5, subd. (a)) and personal use of a semiautomatic handgun (§ 12022.53, subd. (b)). In count 7, he was found guilty of assault with a semiautomatic firearm (§ 245, subd. (b)).

---

[1] All further statutory references are to the Penal Code.

The court sentenced Pacheco to prison for 40 years to life, plus life in prison with possibility of parole, plus 10 years. 15 years to life for willful, deliberate and premeditated attempted murder plus 25 years to life for causing great bodily injury (count 1) and life with possibility of parole for kidnapping for robbery plus 10 years for personal use of a semiautomatic handgun (count 3). The court stayed sentence on the remaining counts and enhancements.

Pacheco appeals, contending: (1) there is not substantial evidence that he shot Moreno with a semiautomatic handgun, so his conviction of assault with a semiautomatic handgun (count 2) must be modified to reflect a conviction of the lesser included offense of assault with a firearm (§ 245, subd. (a)(2)) and (2) the kidnapping conviction (count 5) must be reversed as a lesser included offense of kidnapping for robbery (count 3). The first contention is without merit and respondent properly concedes the second point.

## ASSAULT WITH A SEMIAUTOMATIC HANDGUN
### (COUNT 2)

At about 12:45 a.m. on November 7, 2009, Pacheco shot Benjamin Moreno in the back with a handgun. A .40 caliber shell casing was found in the parking lot where the shooting took place. A police officer testified that the fact that the casing had been ejected meant that the gun was a semiautomatic handgun. Another police officer testified that the size of the bullet hole in Moreno's back indicated that he had been shot with a large caliber weapon. This constitutes substantial evidence that Pacheco shot Moreno with a semiautomatic handgun.

3

## KIDNAPPING (COUNT 5) AS A LESSER INCLUDED OFFENSE OF KIDNAPPING FOR ROBBERY (COUNT 3)

Shortly before 2:00 a.m. on November 22, 2009, Alejandro Torres parked his truck at a 7-11 store in Chula Vista. He turned off the engine and left the keys in the ignition. He remained in the truck, alternately texting on his phone and looking around. Pacheco approached, knocked on the truck's window and asked for a dollar. Torres said he did not have a dollar. Pacheco opened the truck's door and pulled out a 9 millimeter semiautomatic handgun. He pulled the slide back to load a bullet into the chamber. Torres heard a metallic click. Pacheco told Torres to move over. Torres complied and Pacheco got into the truck. Pacheco told Torres not to do anything stupid. Pacheco pointed the gun at Torres and kept it there. Pacheco started the truck and drove toward the freeway. When they were on the freeway on ramp, Pacheco asked for Torres's wallet and phone, and asked if he had jewelry. Torres handed over his wallet and phone and said he did not have any jewelry. Torres told Pacheco to take whatever he wished and drop him off anywhere. Pacheco let Torres out of the truck. Torres ran to a store where he called the police.

When two charged offenses are based on the same criminal act or course of conduct, and, according to the statutory elements test, one offense is a lesser included offense of the other, the defendant cannot be convicted of both offenses. (*People v. Reed* (2006) 38 Cal.4th 1224, 1226, 1231.) In such a case, the conviction of the lesser offense must be reversed. (*People v. Medina* (2007) 41 Cal.4th 685, 702.) Kidnapping is a lesser included offense of kidnapping for robbery. (§§ 207, subd. (a) ["Every person who

4

forcibly, or by any other means of instilling fear, steals or takes, or holds, detains, or arrests any person in this state, and carries the person into another country, state, or county, or into another part of the same county, is guilty of kidnapping"], 209, subd. (b)(1) ["Any person who kidnaps or carries away any individual to commit robbery . . . shall be punished by imprisonment in the state prison for life with the possibility of parole"].)  Here, the kidnapping and the kidnapping for robbery were based on the same course of conduct.  Thus, the kidnapping conviction must be reversed.

DISPOSITION

The conviction of kidnapping (§ 207, subd. (a)) with personal use of a handgun (§ 12022.5, subd. (a)) and personal use of a semiautomatic handgun (§ 12022.53, subd. (b)) (count 5) is reversed.  In all other respects, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

_____
BENKE, Acting P. J.

WE CONCUR:

_____
McDONALD, J.

_____
O'ROURKE, J.

5