Filed 1/12/16  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061317 |
| v. | (Super.Ct.No. SWF1303357) |
| CLIFTON LEROY SMITH, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed as modified.

Carl J. Fabian, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Senior Assistant Attorney General, and Eric A. Swenson and Daniel J. Hilton, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Clifton Leroy Smith asked a stranger if he could have his bike. When the victim refused, defendant poked the victim in the hand with a knife, saying, "[L]et go." The victim continued to refuse, and defendant "backed off."

Less than a week later, defendant confronted the same victim, pulled out a gun, and demanded the victim's wallet. Once again, the victim resisted, but defendant rifled through his pockets and took his wallet and some loose cash.

When defendant was arrested, he was found to be in possession of methamphetamine and a glass pipe. Before trial, he pleaded guilty to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)) and possession of drug paraphernalia (Health & Saf. Code, § 11364.1).

After a jury trial, defendant was found guilty of attempted robbery (Pen. Code, §§ 211, 664) and robbery (Pen. Code, § 211). In a bifurcated proceeding, after he waived a jury trial, three "strike" priors (Pen. Code, §§ 667, subds. (b)-(i), 1170.12), two prior serious felony convictions (Pen. Code, § 667, subd. (a)), and seven prior prison term enhancements (Pen. Code, § 667.5, subd. (b)) were found true. As a result, defendant was sentenced to a total of 66 years to life in prison.

Defendant now contends:

1. The trial court erred by failing to instruct on lesser included offenses.

2. For various reasons, five of the seven prior prison term enhancements must be stricken.

3. The trial court failed to state whether the terms on counts 3 and 4 were concurrent or consecutive, and hence they must be deemed to be concurrent.

We agree that three of the prior prison term enhancements must be stricken. We also agree that the terms on counts 3 and 4 should be concurrent, but we conclude that that is how the trial court ran them. Otherwise, we find no reversible error.

I

FACTUAL BACKGROUND

A. *August 10, 2013: Attempted Robbery (Count 2).*

Victim Brian Miller lived and worked, as a maintenance man, at the Florida Inn in Hemet.

On or before August 10, 2013, around 5:00 p.m., Miller and his friend Patty were across the street from the Florida Inn; Miller had his bike with him. Defendant walked up and asked if he could have the bike. Miller said no.

Defendant took out a knife and poked Miller's hand with it, saying, "[L]et go." He did not poke hard enough to break the skin, but hard enough to "let [Miller] know that he meant business . . . ." Defendant was "in [Miller's] face"; they were about six inches apart. Miller was afraid. Nevertheless, he said, "I'm not afraid of you."

Patty said, "Ah, leave him alone . . . ." At that point, defendant "backed off." However, he watched them as they walked back to the motel. Miller did not call the police because he "figured the situation had been handled without any harm."

3

Miller admitted that he had never told anyone that Patty was with him until two days before trial, when he told a prosecution investigator. He explained that he had not been asked. He did not remember Patty's last name; he also did not know how to find her, because she had moved.

B.      *August 17, 2013:  Robbery (Count 1).*

On August 17, 2013, around 10:30 or 11:00 p.m., Miller finished doing some work in one of the rooms of the Florida Inn. When he opened the door to leave, defendant confronted him and shoved him back into the room.

Defendant drew a gun and demanded Miller's wallet. He started grabbing things out of Miller's pockets, including his wallet and some loose bills. Miller "resisted," causing change from his pockets to go "flying." Defendant picked up the change. He threatened to shoot Miller if Miller "didn't turn it over . . . ." Miller lunged toward defendant's gun hand. Defendant started punching and kicking him. Finally, defendant ran out the door. Miller used the manager's phone to call 911.

When the police interviewed Miller, he described the robber as black, about six feet tall, and weighing about 180 pounds. He also said that the robber was missing front teeth. Defendant matched this description. However, Miller added that the robber had "a short fro" and no facial hair; he did not remember seeing any tattoos. When defendant was arrested, he had cornrows, a mustache and beard, and visible tattoos.

Miller described the gun as a black semiautomatic.

4

C.    *Defendant's Arrest.*

About two and a half months later, on November 2, 2013, Miller saw defendant near the Florida Inn.  He called 911, and the police arrested defendant.  In his pocket, they found a replica toy handgun.

The police held an in-field showup, in which Miller identified defendant.

At trial, Miller testified that the color, the shape, and the barrel of the toy gun all matched the gun he saw; however, he did not remember seeing a makeshift sight that was taped to the top.

When a prosecution investigator interviewed him before trial, Miller said he thought that the gun used in the robbery was smaller than the toy gun.

II

FAILURE TO INSTRUCT ON LESSER INCLUDED OFFENSES

Defendant contends that the trial court erred by failing to instruct on assault, battery, and attempted theft as lesser included offenses to count 1 and on assault, battery, and theft as lesser included offenses to count 2.

A.    *Additional Factual and Procedural Background.*

During an instructions conference, there was this dialogue:

"THE COURT:  Okay.  We do need to address the issue of lessers for robbery. There would be attempted robbery, but I don't find any substantial facts to support attempted robbery as to Count 1.  It's either completed robbery or incomplete robbery. But there is an available lesser under 240.  And the only way that one could get to that

5

would be if you sever off the cause of action at an earlier stage and say there was assaultive conduct without a taking before it. It's kind of an artifice of law. It's not really recognized in the true substance of the case. But have you talked to your client notwithstanding that?

"[DEFENSE COUNSEL]: Yes, your Honor.

"THE COURT: And what's the desire by the defense?

"[DEFENSE COUNSEL]: The desire is to waive the lessers. Waive instruction of the lessers.

"Is that right, Mr. Smith?

"THE DEFENDANT: Yes.

"[DEFENSE COUNSEL]: We've talked about that.

"THE COURT: Okay. Mr. Smith, only you can waive a lesser offense. . . . [¶]

"You could very well be entitled to that instruction based on the circumstance. For tactical reasons your attorney has made the decision that he would rather force the jury to either make the decision of guilty or not guilty on the major charge. That's going to be your decision, though.

"Is that what you want me to do?

"THE DEFENDANT: Yes.

"THE COURT: And you understand when you waive that lesser, that's done. You can't argue later on, well, we should have instructed on a lesser offense.

"You understand that?

6

"THE DEFENDANT:  Yes."

B.  *Discussion*.

1.  *Invited Error*.

Preliminarily, the People contend that the error, if any, was invited.

"'"[A] defendant may not invoke a trial court's failure to instruct on a lesser included offense as a basis on which to reverse a conviction when, for tactical reasons, the defendant persuades a trial court not to instruct on a lesser included offense supported by the evidence.  [Citations.]  In that situation, the doctrine of invited error bars the defendant from challenging on appeal the trial court's failure to give the instruction."' [Citation.]"  (*People v. Beames* (2007) 40 Cal.4th 907, 927.)

We recognize that "[t]he invited error doctrine applies [only] when the defense has made a "'"'conscious and deliberate tactical choice"'"'" in asking for the instruction in question.  [Citation.]"  (*People v. Merriman* (2014) 60 Cal.4th 1, 104.)  Here, however, defense counsel made it clear that he had made a conscious and deliberate tactical choice to forego any instructions on lesser included offenses.  The fact that he did not state his reasons on the record is of no consequence.  "[T]he record must show only that counsel made a conscious, deliberate tactical choice between having the instruction and not having it."  (*People v. Cooper* (1991) 53 Cal.3d 771, 831.)  "In cases involving an action affirmatively taken by defense counsel, we have found a clearly implied tactical purpose to be sufficient to invoke the invited error rule.  [Citations.]"  (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 49.)

7

Defendant relies on *People v. Golde* (2008) 163 Cal.App.4th 101 (*Golde*). There, the defendant and his counsel expressly waived any instructions on lesser included offenses. (*Id*. at pp. 114-115.) On appeal, the defendant argued that the trial court erred by failing to instruct on one particular lesser included offense. (*Id*. at p. 113.) The People argued that the error was invited. The court rejected this argument, reasoning that the trial court has a duty to instruct on lesser included offenses even when the defendant objects. (*Id*. at pp. 114-115.)

*Golde*, however, conflicts with California Supreme Court authority. "'"" . . . The obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given."'" [Citation.] [¶] Nevertheless, the claim may be waived under the doctrine of invited error if trial counsel both '"intentionally caused the trial court to err"' and clearly did so for tactical reasons.' [Citation.]" (*People v. Souza* (2012) 54 Cal.4th 90, 114.)

"The doctrine of invited error does not . . . *vindicate* the decision of a trial court to grant a defendant's request not to give an instruction that is otherwise proper: the error is still error. [Citation.] The cases . . . do not hold that a trial court must honor such a request; they hold only that when the trial court accedes to the defendant's wishes, the defendant may not argue on appeal that in doing so the court committed prejudicial error, thus requiring a reversal of the conviction. These holdings are consistent with the rule . . . that the trial court must instruct on a lesser included offense when the evidence would

8

support a conviction for the offense, notwithstanding the defendant's objection to the instruction." (*People v. Barton* (1995) 12 Cal.4th 186, 198, fn. omitted.)[1]

Defendant also tries to reframe the nature of the error by arguing that the trial court erred by allowing defense counsel to waive lesser included offense instructions.[2] However, this claim, too, is barred by invited error.

Finally, defendant's fallback position is that, by inviting error, defense counsel rendered constitutionally ineffective assistance.

"To establish ineffective assistance of counsel, ""'a defendant must first show counsel's performance was "deficient" because his "representation fell below an objective standard of reasonableness . . . under prevailing professional norms."""' [Citation.] "'[T]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'"' [Citation.] 'In the usual case, where counsel's trial tactics or strategic reasons for challenged decisions do not appear on the record, we will not find ineffective assistance of counsel on appeal unless there could be

---

[1] At oral argument, defendant's counsel pointed out that *Golde* has been cited by the California Supreme Court (*People v. Livingston* (2012) 53 Cal.4th 1145, 1151) as well as by the Judicial Council's Advisory Committee on Criminal Jury Instructions (e.g., CALCRIM No. 225 (2015) Authority, p. 55). Rather conspicuously, however, it has never been cited with regard to any issue of invited error.

[2] Alternatively, defendant may be arguing that the trial court erred by allowing defendant himself — as opposed to his counsel — to waive lesser included offense instructions. His opening brief is not clear on this point. If this is his argument, however, we fail to see how he was prejudiced, as his defense counsel not only recommended but also joined in the waiver.

no conceivable reason for counsel's acts or omissions.' [Citation.]" (*People v. Nguyen* (2015) 61 Cal.4th 1015, 1051.)

The classic reason — indeed, the only logical reason — for objecting to instructions on a lesser included offense is that, if the jury is not convinced that the prosecution has proven every element of the charged offense, the defendant will be acquitted, not merely convicted of the lesser. It is safe to infer that this was defense counsel's reasoning here.

In addition, defense counsel chose to present a single defense — mistaken identity. This offered the prospect of a complete acquittal. He could reasonably be concerned that, if he argued in the alternative that defendant was guilty, though guilty only of lesser included offenses, that would detract from his central theme.

Defendant argues that it was not reasonable to increase the risk of a three strikes sentence when the lesser included offenses — assault, battery, and theft — were only misdemeanors. Nevertheless, if defendant really, really did not want to be in custody at

all and was willing to do anything he possibly could to try to avoid it,[3] that could be a

rational gamble.[4]

We therefore conclude that defendant's contention is barred by the doctrine of

invited error.  We further conclude that defendant has not shown that, by inviting the

asserted error, defense counsel rendered ineffective assistance.

2.      *The Merits*.

Separately and alternatively, we also reject defendant's contention on the merits.

"A trial court must instruct on all lesser included offenses supported by substantial

evidence.  [Citations.]  The duty applies whenever there is evidence in the record from

which a reasonable jury could conclude the defendant is guilty of the lesser, but not the

greater, offense.  [Citations.]"  (*People v. Duff* (2014) 58 Cal.4th 527, 561.)

"We . . . appl[y] two tests in determining whether an uncharged offense is

necessarily included within a charged offense: the 'elements' test and the 'accusatory

---

[3]      Defendant asserts that a conviction on the lesser included offenses "would
have resulted in credit . . . for time served . . . ."  That was not at all clear.  Defendant had
pleaded guilty to possession of methamphetamine, which at the time was a wobbler.
(Health & Saf. Code, former § 11377, subds. (a)-(b), Stats. 2011, ch. 15, § 171; see also
Health & Saf. Code, § 11055, subd. (d)(2).)  Given defendant's extensive criminal record,
defense counsel could reasonably conclude that, if defendant's only other convictions
were misdemeanors, the trial court was unlikely to reduce this count to a misdemeanor.

[4]      At sentencing, it was revealed that defendant had a life-threatening illness
such that, even if he were sentenced to a determinate term of years, he "likely [would] die
in prison."  That could certainly be an incentive to risk an extremely lengthy term (that he
would die before serving) in the hope of avoiding custody entirely.

11

pleading' test. [Citation.] The elements test is satisfied if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, such that all legal elements of the lesser offense are also elements of the greater. [Citation.] . . . Under the accusatory pleading test, a lesser offense is included within the greater charged offense if the facts actually alleged in the accusatory pleading include all of the elements of the lesser offense. [Citations.]" (*People v. Bailey* (2012) 54 Cal.4th 740, 748.)

"On appeal, we independently review whether a trial court erroneously failed to instruct on a lesser included offense. [Citation.]" (*People v. Trujeque* (2015) 61 Cal.4th 227, 271.)

### i. *Count 1: Robbery*.

Defendant contends that the trial court was required to instruct on assault, battery, and theft as lesser offenses to the robbery charged in count 1.

Theft is a lesser included offense of robbery. (*People v. Castaneda* (2011) 51 Cal.4th 1292, 1331.) Assault and battery are not lesser included offense of robbery under the elements test. (*People v. Parson* (2008) 44 Cal.4th 332, 349 [assault].) Defendant argues, however, that because the information alleged that the robbery was committed by "force *and* fear" (italics added), assault and battery were lesser included offense of robbery under the accusatory pleading test.

We may assume, without deciding, that defendant is correct on this point. (But see *People v. Wright* (1996) 52 Cal.App.4th 203, 210-211.) Even if so, the trial court was not required to instruct on either assault or battery unless there was substantial evidence that

12

defendant committed an assault or a battery but not a robbery. Likewise, it was not required to instruct on theft unless there was substantial evidence that defendant committed a theft but not a robbery.

Defendant's act of shoving Miller constituted both an assault and a battery. Defendant's act of pulling a gun on Miller and threatening to shoot him could also constitute an assault.[5] (*People v. Miceli* (2002) 104 Cal.App.4th 256, 269.) Finally, defendant's act of taking Miller's wallet and cash constituted theft. There was no substantial evidence, however, that the assault was not part of the theft, or vice versa.

Defendant argues that the jury could have found that he assaulted Miller to retaliate against him or to prevent him from testifying and only thereafter formed the intent to steal. We cannot agree. To infer an intent to retaliate from the mere fact that defendant had committed a previous crime against Miller would be purely speculative. (See *People v. Castaneda*, *supra*, 51 Cal.4th at p. 1332 ["the fact that defendant had other motives for killing the victim does not constitute evidence that he formed the intent to steal only after he ceased applying force against her."].) The shove merely prevented Miller from leaving the room and forced him back inside. As soon as defendant and Miller could not be seen from outside, defendant immediately drew his gun and

---

[5]    This would not constitute an assault if defendant was using a toy gun. (*People v. Wolcott* (1983) 34 Cal.3d 92, 100.) However, in light of Miller's inability to positively identify the toy gun as the gun used in the robbery, the jury could reasonably find that defendant was using a real gun.

demanded Miller's wallet. There is no evidence that defendant's intent changed at any point.

Defendant relies on *People v. Ledesma* (2006) 39 Cal.4th 641. There, the Supreme Court held that the trial court erred by failing to instruct on theft as a lesser included offense of robbery. (*Id.* at p. 715.) It explained that there was substantial evidence that the defendant killed the victim to prevent him from testifying and formed the intent to steal only after the victim was dead. (*Ibid.*) The court noted that "[t]he prosecution's witnesses testified that defendant had stated before the killing that he wanted to kill the victim out of revenge and to prevent his testimony . . . ." (*Ibid.*) The court also cited (*ibid.*) the defendant's own statements that "he had killed a person who had identified him in a robbery" and that "if he eliminated the witness, there would be no one to testify against him." (*Id.* at p. 657.) There was no similar evidence of intent to retaliate here.

Finally, in his reply brief, defendant argues that the trial court found that assault was a viable lesser included offense. That is not how we interpret its remarks. While it did say that assault was "an available lesser," it added that "the only way that one could get to that would be if you . . . say there was assaultive conduct without a taking before it." In other words, it concluded, just as we do, that the assault and the taking were inseparable. It allowed defense counsel to waive any lesser included offense instructions, not because it believed they were required, but because it wanted to foreclose any possible dispute. We note, however, that even if the trial court had found sufficient

14

evidence of a lesser included offense, that finding would be irrelevant now, because we review the issue independently.

We therefore conclude that the trial court did not err by failing to instruct on any lesser included offenses with respect to count 1.

ii.     *Count 2:  Attempted Robbery*.

Defendant also contends that the trial court was required to instruct on assault, battery, and attempted theft as lesser offenses to the attempted robbery charged in count 2.

Just as theft is a lesser included offense of robbery, attempted theft is a lesser included offense of attempted robbery.  (*People v. Reeves* (2001) 91 Cal.App.4th 14, 53.)

*Completed* assault and *completed* battery are not lesser included offenses of *attempted* robbery.  (*People v. Medina* (2007) 41 Cal.4th 685, 694-695.)  Nor is there any wording in the information that would make them lesser included offenses in this case under the accusatory pleading test.  However, just as we assumed, in part II.B.1, *ante*, that assault and battery are lesser included offenses of robbery, we may assume that attempted assault and attempted battery are lesser included offenses of attempted robbery.  The jury could convict defendant of attempted assault and attempted battery even though the evidence showed a completed assault and battery.  (Pen. Code, § 663; *People v. Mejia* (2012) 211 Cal.App.4th 586, 605.)

Once again, however, the trial court was not required to instruct on any of these crimes unless there was substantial evidence of an attempted assault, battery, or theft that was not part of an attempted robbery. There was no such evidence here.

Defendant argues that there was evidence that he did not intend to commit a theft by means of force or fear, and thus he did not have the specific intent to commit a robbery. He points to "the extremely brief duration of the encounter" and to the fact that he stopped as soon as Patty told him to. Nevertheless, the evidence showed that he poked Miller's hand at the same time as he said, "[L]et go." Thus, he used force while demanding the property. He had no other apparent reason to poke Miller's hand. The fact that he desisted quickly and readily cannot obscure the fact that the evidence showed an attempted robbery at that point.

Defendant also argues that there was evidence that he merely wanted to "borrow" or to "use" Miller's bike — i.e., that he lacked the intent to permanently deprive. (Italics omitted.) When he first walked up to Miller, he asked if he could "have" Miller's bike. Miller testified that he refused to let defendant "use" the bike. But then defendant started poking Miller in the hand with a knife. They were strangers to each other. Defendant had no apparent way of returning the bike to Miller unless they worked out some consensual arrangement. By poking Miller in the hand with his knife, defendant put paid to any such possibility.

Finally, defendant argues that the vagueness of Miller's testimony about Patty and the prosecution's inability to produce her gave the jury reason to doubt Miller's testimony

16

about the bicycle incident.  The jury could have concluded that Miller was lying or exaggerating.  However, it did not have any basis to conclude that he was lying about the use of force but not about the attempted taking, or vice versa.  Thus, Patty's absence was not a basis for lesser included offense instructions.

We therefore conclude that the trial court also did not err by failing to instruct on any lesser included offenses with respect to count 2.

III

PRIOR PRISON TERM ENHANCEMENTS

Defendant contends that five of the seven prior prison term enhancements must be stricken.

A.      *Additional Factual and Procedural Background.*

Attached as Attachment A is a chart summarizing the evidence that was admitted at the trial on the priors and summarizing the trial court's use of the priors in sentencing.

B.      *Prior Prison Term Enhancements and Prior Serious Felony Enhancements Based on the Same Conviction.*

Under *People v. Jones* (1993) 5 Cal.4th 1142, a single prior conviction can be the basis of a prior serious felony conviction enhancement or a prior prison term enhancement, but not both.

The People concede that the trial court erred by imposing both prior serious felony conviction enhancements and prior prison term enhancements based on prior 2 and prior

17

3.  Accordingly, we will strike these prior prison term enhancements.  (*People v. Jones*, *supra*, 5 Cal.4th at p. 1157.)

        C.        *Stay of a Prior Prison Term Enhancement*.

The trial court stayed the prior prison term enhancement based on prior 4. However, prior 4 could not be used as the basis for a prior prison term enhancement, because prior 3 and prior 4 did not give rise to separate prison terms.  (*People v. Riel* (2000) 22 Cal.4th 1153, 1203.)  Thus, as the People concede, the enhancement should be stricken, not stayed.

        D.        *The Effect of Proposition 47*.

Defendant contends that, under Proposition 47, prior 1 (possession of cocaine) and prior 5 (receiving stolen property) are no longer felonies and therefore can no longer be the basis of prior prison term enhancements.

Defendant filed his notice of appeal on June 10, 2014.  Proposition 47 went into effect on November 5, 2014.  (*People v. Diaz* (2015) 238 Cal.App.4th 1323, 1328.) Defendant has not filed a petition for resentencing under Proposition 47 (see Pen. Code, § 1170.18), nor has he raised his present contention in the trial court in any other way.

In sum, "[n]o ruling was made below.  Accordingly, no review can be conducted here.  '[T]he absence of an adverse ruling precludes any appellate challenge.'  [Citation.]" (*People v. Rowland* (1992) 4 Cal.4th 238, 259.)

IV

CONSECUTIVE OR CONCURRENT TERMS ON COUNTS 3 AND 4

Defendant contends that the trial court failed to state whether the terms on count 3 (possession of methamphetamine) and count 4 (possession of paraphernalia) were concurrent or consecutive, and hence they must be deemed concurrent.

The trial court did order count 4 "served concurrently with [c]ount 3." It did not expressly state whether counts 3 and 4 were to be served concurrently or consecutively with respect to counts 1 and 2. However, it stated that that the total determinate term was 16 years, which necessarily meant that it intended both counts to be concurrent. The People concede that counts 3 and 4 were run concurrently. There is no need to modify the judgment in this respect.

V

DISPOSITION

The judgment is modified as follows. The true findings on the second, third, and fourth prior prison term enhancements are stricken. The one-year terms imposed on the second and third prior prison term enhancements and the stayed one-year term imposed on the fourth prior prison term enhancement are also stricken. This means that the aggregate sentence is reduced to 64 years to life. The judgment as thus modified is affirmed.

The clerk of the superior court is directed to prepare an amended sentencing minute order and an amended abstract of judgment reflecting these modifications and to

19

forward a certified copy of the amended abstract to the Department of Corrections and

Rehabilitation.  (Pen. Code, §§ 1213, subd. (a), 1216.)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

KING
J.

MILLER
J.

| Prior | Case No. | Convicted | Sentenced | Crime | Term | Prior prison term | Prior serious felony | Strike |
|---|---|---|---|---|---|---|---|---|
| 1 | A471709 | Jul. 1, 1988 | Apr. 16, 1990 | Possession of cocaine | 16 mos. | X | | |
| 2 | YA003201 | Apr. 27, 1990 | May 8, 1990 | Robbery | 2 yrs. | X | X | X |
| 3 | YA009721 | Feb. 24, 1992 | Mar. 30, 1992 | Robbery | 7 yrs. | X | X | X |
| 4 | " | " | " | Residential burglary | " | Stayed | | X |
| 5 | YA026672 | Apr. 2, 1996 | Apr. 16, 1996 | Receiving stolen property | 8 yrs. | X | | |
| 6 | TA068052-01 | Apr. 7, 2003 | Apr. 7, 2003 | Unlawful taking or driving | 4 yrs., 8 mos. | X | | |
| 7 | TA097409-01 | May 20, 2008 | May 20, 2008 | Possession of cocaine base for sale | 4 yrs. | X | | |

ATTACHMENT A