Filed 6/10/16  P. v. Nelder CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E064039 |
| v. | (Super.Ct.No. RIF1402079) |
| KEITH ANTHONY NELDER III, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Reversed with directions.

Michael A. Hestrin, District Attorney, Emily R. Hanks and Donald W. Ostertag, Deputy District Attorneys, for Plaintiff and Appellant.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Respondent.

The People appeal from an order of the superior court granting the motion by defendant and respondent Keith Anthony Nelder III to reduce his felony conviction of

1

attempted grand theft of a firearm (Pen. Code, §§ 664/487, subd. (d)(2)) to a misdemeanor. (Pen. Code, § 1170.18.) We agree that the order was erroneous and reverse.

## I

## STATEMENT OF FACTS

The only information concerning the underlying offense comes from the police reports. On January 15, 2014, a window was smashed at a business later established to be a gun shop. Video surveillance films showed two black males in a vehicle inspecting the window, driving off, and returning, whereupon one of the males kicked at the window.

On January 31, 2014, an alarm went off at the gun shop. The responding officer noticed a vehicle parked across the street[1] and found defendant in the fully-reclined driver's seat. Inside the store, in the main showroom, ceiling pieces and insulation littered the floor. A skylight had been damaged but was barred against entry. A surveillance video showed defendant climbing towards the roof of the building and later returning. A search of defendant's cell phone reflected a Google search for the gun store.

Defendant subsequently pleaded guilty to attempted grand theft (firearm) under Penal Code sections 664/487, subdivision (d)(2).

---

[1] The vehicle was the same model seen in the earlier video.

As stated above, the trial court granted defendant's motion to reduce this conviction to a misdemeanor. It reasoned that because no property was actually taken, the $950 limit (see *infra*) had not been reached and so the offense qualified for reduction.

II

DISCUSSION

"The voters approved Proposition 47 at the November 4, 2014 general election, and it became effective the next day." (*People v. Diaz.* (2015) 238 Cal.App.4th 1323, 1328.) "Proposition 47 'was intended to reduce penalties "for certain nonserious and nonviolent property and drug offenses from wobblers or felonies to misdemeanors." ' " (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652.)

Proposition 47 added Penal Code section 1170.18 to the Penal Code. Subdivision (a) of Penal Code section 1170.18 provides in pertinent part: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." Under Penal Code section 1170.18, subdivision (b), the trial court first determines whether the petition has presented a prima facie case for relief under Penal Code section 1170.18, subdivision (a).

3

If the petitioner satisfies the criteria in subdivision (a), then he will be resentenced to a misdemeanor, unless the court, within its discretion, determines the petitioner would pose an unreasonable risk to public safety. (Pen. Code, § 1170.18, subd. (b).)

Penal Code section 490.2 was also added to the Penal Code. Penal Code section 490.2 provides in pertinent part: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor." Penal Code section 487, subdivision (d)(1) and(2) provides that grand theft occurs if the property is an automobile or firearm, respectively, regardless of the value. But section 490.2 on its face covers *all* thefts, as was stated by the legislative analyst in the Voter Information Guide prepared for Proposition 47. Here, it was stated that "[u]nder current law, theft of property worth $950 or less is often charged as petty theft, which is a misdemeanor or an infraction. However, such crimes can sometimes be charged as grand theft, which is generally a wobbler. For example, a wobbler charge can occur if the crime involves the theft of certain property (*such as cars*) or if the offender has previously committed certain theft-related crimes. This measure would limit when theft of property of $950 or less can be charged as grand theft. Specifically, *such crimes would no longer be charged as grand theft solely because of the type of property involved* or because the defendant had previously committed certain theft-related crimes." (Voter

4

Information Guide, Gen. Elec. (Nov. 4, 2014), Analysis of Prop. 47 by Legis. Analyst, p. 35, italics added.)

Thus, defendant's request was authorized under Penal Code section 1170.18 as the conviction in question was eligible for reduction to a misdemeanor.[2]

However, the burden was on defendant to show that the amount intended to be stolen did not exceed $950. (*People v. Sherow* (2015) 239 Cal.App.4th 875, 879-880.) There was no evidence introduced whatsoever as to the value of the weapons inside the store, and the People therefore argue that defendant failed to carry his burden.

Defendant responds with the position evidently accepted by the trial court—that because he never acquired possession of any property from the gun store, necessarily the $950 threshold was not met. Defendant is wrong and the trial court erred.

As the People point out, if it were necessary that the defendant have actually acquired possession of the property intended to be stolen, the crime of attempted grand theft would have a limited scope indeed because the value of the property on which the defendant put his hands would often be zero. However, the law is that a defendant may properly be convicted of grand theft without ever getting his or her hands on the property which is the subject of the attempt. (See *People v. Keefer* (1973) 35 Cal.App.3d 156, 165.)

---

[2] Whether the electorate really intended this result may be questioned. We note that legislation is pending which would make the theft of a firearm grand theft in all cases once again. (See Assem. Bill No. 1869 (2015-2016 Reg. Sess.) as introduced Feb. 10, 2016.)

Defendant also appears to argue that he did not commit an attempt in the underlying case. Insofar as this is just another way of arguing "insufficiency of the evidence," it comes far too late; the instant proceeding is not a direct (or even collateral) attack on the prior judgment. Defendant is also incorrect in this argument.

Penal Code section 664 prescribes the punishment for attempted crimes where the defendant "is prevented or intercepted in its perpetration." Penal Code section 21a provides that "[a]n attempt to commit a crime consists of two elements: a specific intent to commit the crime, and a direct but ineffectual act done toward its commission." Other than forming the necessary intent, there is no requirement that the defendant commit any element of the target offense. (*People v. Medina* (2007) 41 Cal.4th 685, 694.) In this case defendant went to the subject business after conducting an Internet search, which would have revealed its inventory and stock. He then climbed onto the roof of the building and tried to force his way in, being prevented only by the security bars. This went far beyond the "mere preparation" which is held not to constitute an attempt. (See *People v. Nguyen* (2013) 212 Cal.App.4th 1311, 1323.)

Accordingly, the trial court erred in granting defendant's motion to reduce the attempted grand theft to a misdemeanor.

III

DISPOSITION

The order reducing the conviction to a misdemeanor is reversed and the matter is remanded for an evidentiary hearing regarding valuation since no evidence was presented on that issue at the initial hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                            J.

We concur:

RAMIREZ
            P. J.

HOLLENHORST
            J.